UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

_____
                                                                    )
**CONRADO RUIZ-GOMEZ,**                          )
**PASCUALITO SOL SOLIS,**                          )
**WALTER PASTOR  PEREZ-MAGARINO,**   )
**GABRIEL MEDINA-DUQUE,**                      )
**ANGEL RASGADO-SIBAJA,**                       )
**SERGIO LOPEZ and**                                    )
**ISMAEL LOPEZ-PEREZ,**                             )
**on behalf of themselves and all**               )          Case No. _____
**other persons similarly situated,**               )
                                                                    )
            **Plaintiffs,**                                      )
                                                                    )
        **vs.**                                                    )
                                                                    )
**ASTIN FARMS, INC.,**                                )
                                                                    )
            **Defendant.**                                    )
_____ )

**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF,
COSTS OF LITIGATION AND ATTORNEY'S FEES**

**INTRODUCTION**

1.    This is an action by seven migrant farmworkers employed by Astin Farms, Inc. to pick

strawberries and other crops on Astin's central Florida at various times during the 2013-14 or

2014-15 harvest seasons. Plaintiffs bring this action to secure and vindicate rights afforded them

by the Fair Labor Standards Act, 29 U.S.C.  §§201, *et seq.* ("FLSA"), the minimum wage

provisions of the Florida Constitution, Article X, Section 24, federal regulations governing the

temporary foreign agricultural worker program, 20 C.F.R. §§ 655.100, *et seq.,* and common law.

2.     Plaintiffs seek to recover their unpaid wages, actual, liquidated and pre- and post-judgment interests. Plaintiffs also seek a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b), § 448.08 Fla. Stat. and Article X, Section 24 of the Florida Constitution.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. § 216(b)(FLSA) and 28 U.S.C. §1367 (Supplemental Jurisdiction). This Court has supplemental jurisdiction over the claims arising under state and common law because these claims are so related to the federal claims that they form part of the same case or controversy.

4.     Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendant is a resident of this district and the cause of action arose in this district.

## PARTIES

6.     Defendant Astin Farms, Inc. is a Florida Corporation headquartered in Plant City. At all times relevant to this action, Defendant Astin Farms, Inc. employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d). At all times relevant to this action, Astin Farms, Inc. was an employer or joint employer of Plaintiffs and the other class members within the meaning of 20 C.F.R. § 655.103(b). Throughout this employment, Plaintiffs and the other class members were assigned tasks, supervised and controlled in all of their job activities by employees of Astin Farms, Inc. and all work was performed on Astin Farms' operations as an integral part of Astin Farms' production of strawberries for commercial sale.  Astin Farms, Inc. provided the timekeeping equipment that collected the data used to prepare the payroll records on the labor of Plaintiffs and the other class members.

- 2 -

7. At various times during the 2013-14 and 2014-15 strawberry harvest seasons, Defendant employed Plaintiffs and the other class members on its Hillsborough County operations to harvest strawberries for sale in interstate commerce.

8. Plaintiffs Conrado Ruiz-Gomez, Pascualito Sol-Solis, Walter Pastor Perez-Margarino, Gabriel Medina-Duque, Angel Rasgado-Sibaja, Sergio Lopez-Morales, and Ismael Lopez-Perez are citizens of Mexico who were admitted to the United States on temporary visas pursuant to 8 U.S.C. § 1101(a)(15)(ii)(a) to hand-harvest strawberries and other crops for Defendant at various times during the 2013-2014 and 2014-15 strawberry harvest seasons.

9. At all times relevant to this action, Plaintiffs were engaged in the production of goods for commerce within the meaning of the FLSA.

## FACTS

### The H-2A Program

10. An agricultural employer may import aliens to perform labor of a temporary nature if the U.S. Department of Labor ("DOL") certifies that there are insufficient available workers within the U.S. to perform the job and the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188 (a)(1). Aliens admitted in this fashion are commonly referred to as "H-2A workers."

11. Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with DOL. 20 C.F.R. § 655.130. This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations. Federal regulations establish the minimum benefits, wages, and working conditions that must be offered by the petitioning employer in order to avoid adversely affecting similarly-situated U.S. workers. 20 C.F.R. § 655.122. Among these terms are the following:

- 3 -

(a) The employer will pay all workers at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period. 20 C.F.R. § 655.122(l);

(b) The employer will abide by the requirements of 20 C.F.R. § 653.501, including the requirements of 20 C.F.R. § 653.501(d)(4), mandating compliance with state and federal minimum wage laws;

(c) For those employees completing 50 percent of the work contract period, the employer will pay the worker for reasonable costs incurred by the worker for inbound transportation and daily subsistence en route; and

(d) For those employees completing the work contract period, the employer will provide or pay for the worker's transportation and subsistence from the place of employment to the place from which the worker departed to work for the employer, in most instances, the worker's home town.

12.   Where an agricultural employer obtains some of its workforce through the H-2A program, the terms of the "clearance order" or "job order" establish the minimum terms and conditions of work on the employer's operations for other similarly-employed agricultural workers.

## Employment of Plaintiffs under the H-2A Program

13.   Prior to the commencement of the 2013-14 and 2014-15 strawberry harvest seasons, Defendant engaged the services of Hector Cruz and Christine Marquez, doing business as Temp Labor, LLC, to furnish workers to assist in harvesting strawberries in Defendant's Hillsborough County operations.

14.   Due to the lack of available documented workers in its area of operations, Defendant directed Hector Cruz and Christine Marquez, doing business as Temp Labor, LLC, to file

applications to employ temporary foreign workers through the H-2A program. Separate temporary labor certification applications were filed for the 2013-14 and 2014-15 strawberry harvest seasons. The temporary labor certification applications listed Temp Labor, LLC as the employer for the guest workers. The Temp Labor, LLC temporary labor certification application for the 2013-14 strawberry harvest sought admission of 400 workers for employment from December 6, 2013 through March 25, 2014. The Temp Labor, LLC temporary labor certification application for the 2014-15 strawberry harvest sought admission of 398 workers for employment from November 17, 2014 through March 25, 2015.

15.   As part of the temporary labor certification applications described in Paragraph 14, Hector Cruz, Christine Marquez and Temp Labor, LLC submitted to the DOL clearance orders which contained a certification that the orders described the actual terms and conditions of employment being offered and contained all material terms and conditions of the job, as described in 20 C.F.R. § 653.501(d)(3). The essential terms of the clearance orders were dictated by federal regulations at 20 C.F.R. §§ 653.501, 655.120 and 655.122.

16.   The DOL accepted the temporary labor certification applications and clearance orders submitted on behalf of Temp Labor, LLC as described in Paragraphs 14 and 15 and circulated the clearance orders to local job service offices in an effort to recruit U.S. workers to fill the positions offered. When these efforts proved unsuccessful, the DOL certified shortages of labor for all the openings described in the TempLabor clearance orders. The United States Citizenship and Immigration Services of the Department of Homeland Security issued H-2A visas to fill the manpower needs described in the Temp Labor, LLC clearance orders.

17.   The Temp Labor, LLC clearance orders described in Paragraphs 14 and 15, explicitly and implicitly, incorporate the DOL regulations at 20 C.F.R. § 655 Subpart B, including the terms described in Paragraph 11 of this complaint.

18.   Through its agents, Hector Cruz, Christine Marquez and Temp Labor LLC, Defendant recruited Plaintiffs and the other class members from their hometowns in Mexico to fill the positions offered in the Temp Labor, LLC clearance orders.

19.   The Temp Labor, LLC clearance orders served as the employment contracts between Defendant and Plaintiffs, pursuant to 20 C.F.R. § 655.122(q). The 2013-14 Temp Labor, LLC clearance order governed the employment of Plaintiffs, Conrado Ruiz-Gomez, Pascualito Sol-Solis, Walter Pastor Perez-Margarino, Gabriel Medina-Duque, Angel Rasgado-Sibaja, and Sergio Lopez-Morales, and all other class members employed on Defendant's operations during the 2013-14 strawberry harvest season. The 2014-15 Temp Labor, LLC clearance order governed the employment of Plaintiff Ismael Lopez-Perez, and all other class members employed on Defendant's operations during the 2014-15 strawberry harvest season.

20.   Following their recruitment, Plaintiffs and the other class members traveled at their own expense from their respective hometowns in Mexico to Monterrey or Nuevo Laredo, Mexico to apply for H-2A visas at the United States Consulates in those cities. Each worker was required to pay a visa application fee in the amount of approximately $190.00. Plaintiffs and the other class members also incurred lodging expenses while they remained in Monterrey or Nuevo Laredo, waiting for their H-2A visa applications to be processed. After receiving their H-2A visas, Plaintiffs and the other class members traveled to Hillsborough County, Florida.  At the U.S./Mexico border, Plaintiffs and the other class members each paid U.S. immigration officials a fee of $6.00 for the issuance of Form I-94, as a prerequisite of entering the U.S.

21.   Plaintiffs and the other class members incurred transportation and subsistence expenses in traveling from their homes to Monterrey or Nuevo Laredo, Mexico and from Monterrey or Nuevo Laredo, Mexico to Defendant's jobsite in Florida.

22.   The expenses incurred in preparation for working with Defendant by Plaintiffs, and the other class members as described in Paragraphs 20 and 21 were primarily for Defendant's benefit. Plaintiffs and the other class members were not reimbursed for these expenses during the first week of their employment with Defendant.   While a portion of these expenses were eventually reimbursed by Temp Labor, LLC, Plaintiffs and the other class members were never reimbursed for the full amount of these pre-employment expenses.

23.   As a result of the failure of Defendant and Temp Labor, LLC to reimburse Plaintiffs and the other class members during their initial workweek of employment on Defendant's operations for any portion of the pre-employment expenses described in Paragraphs 20 and 21, the wages of Plaintiffs and the other class members for these workweeks were less than the applicable federal and Florida minimum wages.

24.   As a result of the failure of Defendant and Temp Labor, LLC to reimburse Plaintiffs and the other class members during their initial workweek of employment on Defendant's operations for any portion of the pre-employment expenses described in Paragraphs 20 and 21, the wages of Plaintiffs and the other class members for these workweeks were less than the applicable adverse effect wage rate.

25.   Plaintiffs and the other class members worked harvesting strawberries with the Temp Labor crew on the operations of Astin Farms, Inc. at various points during the 2013-14 or 2014-15 harvest seasons, performing tasks as set out in the Temp Labor, LLC clearance orders.

Plaintiffs and the other class members were compensated for their labor on a piece-rate basis, based on the number of flats of strawberries harvested.

26.   In order to record the amount of compensable time Plaintiffs and the other class members worked during the 2013-14 and 2014-15 seasons, Temp Labor, LLC utilized an electronic timekeeping system owned and maintained by Defendant. The data collected by the electronic timekeeping system were provided to Temp Labor, LLC for use in preparation of the payroll records relating to the labor of Plaintiffs and the other class members. The information regarding the compensable time worked each workweek as reflected on Temp Labor LLC's payroll records and the workers' direct deposit wage statements was derived from the data extracted from Defendant's electronic timekeeping system.

27.   Each Plaintiff completed the work contract period for the harvest season for which he was issued an H-2A visa for employment with Temp Labor, LLC and performed work on Defendant's operations.

28.   Defendant failed to provide for or pay the full cost of the inbound transportation and daily subsistence *en route* for Plaintiffs and the other class members who completed 50 percent of the work contract period in either the 2013-14 strawberry harvest season or the 2014-15 strawberry harvest season, and thereby breached the workers' employment contracts, as embodied in the Temp Labor, LLC clearance orders, and violated federal regulations at 20 C.F.R. § 655.122(h)(1).

29.   Defendant failed to provide or pay for the full cost of the outbound transportation and daily subsistence *en route* for Plaintiffs and the other class members who completed the work contract period in either the 2013-14 strawberry harvest season or the 2014-15 strawberry harvest season, and thereby breached the workers' employment contracts, as embodied in the

Temp Labor, LLC clearance orders, and violated federal regulations at 20 C.F.R. § 655.122(h)(2).  Plaintiffs and the class members were provided only with transportation to the U.S./Mexico border area, leaving the workers themselves responsible for the cost of their transportation from the border region to their respective homes.  No daily subsistence was provided or paid for by Defendant or Temp Labor, LLC.

## CLASS ACTION ALLEGATIONS

30.   All claims set forth in Counts II and III are brought by Plaintiffs on behalf of themselves and all other similarly situate persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

31.   Plaintiffs seek to represent a class consisting of all H-2A temporary foreign workers who were furnished to Defendant by Temp Labor, LLC for work during either the 2013-14 or 2014-15 strawberry harvest seasons on Defendant's operations.

32.   The class members are so numerous and geographically disbursed as to make joinder impracticable. The precise number of individuals in the class is not known, but is believed to include at least 300 individuals. The proposed class is comprised of indigent migrant workers who are citizens of Mexico. The class members are not fluent in English and are unfamiliar with the American judicial system. The relatively small size of the individual claims and the indigence of the class members make the maintenance of separate action by each class member economically unfeasible.

33.   There are questions of law and fact common to the class. These common legal and factual questions include whether Defendant employed or jointly employed the class members within the meaning of 20 C.F.R. § 655.103(b) and the minimum wage provisions of the Florida Constitution; whether the pre-employment visa, lodging and transportation expenses incurred by

the class members primarily benefitted Defendant, within the meaning of the minimum wage provisions of the Florida Constitution; whether the Temp Labor, LLC clearance orders constituted employment contracts between the class members and Defendant; and whether Defendant violated its contracts with the class members by failing to provide or pay for the full cost of the class members' inbound and outbound transportation and daily subsistence *en route*.

34.  Plaintiffs' claims are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members. Plaintiffs have the same interests as do other members of the class and will vigorously litigate this action on behalf of the class.

35.  Plaintiffs' counsel are experienced in handling actions by H-2A workers to enforce their rights under their employment contracts and have handled numerous class actions in the federal courts, including class actions on behalf of H-2A workers bringing claims similar to those presented in this action. Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and provide notice to class members under Rule 23(b)(3).

36.  A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia:*

> (a) The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class to individually prosecute separate actions;

> (b) Many members of the class are unaware of their rights to prosecute their claims and/or lack the means or resources to secure legal assistance;

> (c) There has been no litigation already commenced against Defendant by any of the class member to determine the questions presented;

(d) It is desirable that the claims be heard in this forum because Defendant resides in this district and the acts giving rise to the causes of action set out herein arose in this district; and

(e) A class action can be managed without undue difficulty because Defendant and Temp Labor, LLC were required to maintain detailed records concerning each member of the class.

## CLAIMS FOR RELIEF

## COUNT I

## (FAIR LABOR STANDARDS ACT, 29 U.S.C. §206(A))

37.   Plaintiffs bring this claim for Defendant's violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

38.   Defendant violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs at least $7.25 for every compensable hour of labor performed in each workweek during which they were employed.

39.   The violations of the minimum wage provisions of the FLSA as set out in Paragraph 38 resulted from Defendant's failure to reimburse Plaintiffs during their first week of employment for expenses incurred primarily for the benefit of Defendant, including Plaintiffs' lodging expenses near the U.S. Consulate, visa application costs, fee for issuance of Form I-94, and the full costs of Plaintiffs' travel from their homes to Defendant's jobsite.

40.   As a consequence of Defendant's violations of the FLSA, each Plaintiff is entitled to recover the minimum wages due him plus an additional equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b).

## COUNT II

## (BREACH OF CONTRACT)
## (Class Claim)

41.   This count sets forth a claim for declaratory relief and damages by Plaintiffs and the other class members for breach of its employment contracts with the workers, as embodied in the clearance orders filed by Temp Labor, LLC and under which Plaintiffs and the other class members were employed on Defendant's operations.

42.   The terms and conditions of employment contained in the Temp Labor, LLC clearance orders constituted the employment contracts between Defendant and the H-2A workers furnished to it through Temp Labor, LLC, the terms of which were supplied by federal regulations at 20 C.F.R. §§ 655.120, 655.122 and 655.135.

43.   Defendant breached its employment contracts with Plaintiffs and the other class members by providing terms and conditions of employment that were materially different from those in the clearance orders, including the following:

(a)   Defendant did not reimburse Plaintiffs and the other class members for the full costs they incurred for transportation between their respective homes and the jobsite, both prior to and following the work contract period, as set out in Paragraphs 22, 23, 38 and 39;

(b)   Defendant failed to comply with the minimum wage provisions of the FLSA and the Florida Constitution, employment-related laws, as set out in Paragraphs 22, 23, 38 and 39;

(c)   Defendant failed to pay Plaintiffs and the other class members wages at least equal to the adverse effect wage rate for their first week of employment, as set out in Paragraphs 22 and 23;

(d)   Defendant did not provide daily subsistence to Plaintiffs and the other class members who completed the first 50% of the work contract period for the days they traveled from their homes to the area of Defendant's jobsite;

(e)   Defendant failed to provide daily subsistence to Plaintiffs and the other class members who completed the work contract period for the days they traveled from the area of

Defendant's jobsite to their respective homes after completing the work on Defendant's operations.

44. Defendant's breach of its employment contract obligations as described in this Count have caused Plaintiffs and the other class members substantial injuries.

## COUNT III

### (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)
### (Class Claim)

45. This Count sets forth a claim for declaratory relief and damages by Plaintiffs and the other class member for Defendant's violations of the minimum wage provisions of the Florida Constitution.

46. Defendant failed to pay Plaintiffs and the other members of the class minimum wages as required by the Florida Constitution and the Florida Minimum Wage Act during their first week of employment.

47. The violations of the minimum wage provisions of the Florida Constitution as set out in Paragraph 46 resulted from Defendant's failure to reimburse Plaintiffs and the other class members, during their initial week of employment, for pre-employment expenses incurred primarily for Defendant's benefit, as set out in Paragraphs 22 and 23.

48. Plaintiffs have performed all conditions precedent required to present their claims under the Florida Minimum Wage Act, including making a written demand for payment of the unpaid wages due them and the other members of the class, but the Defendant failed to pay these wages within 15 days of its receipt of this demand.

49. As a result of Defendant's violations of the minimum wage provisions of the Florida Constitution as described in this Count, Plaintiffs and the other members of the class are entitled

to recover the amount of their respective unpaid wages and an equal amount as liquidated damages, pursuant to Article X, Section 24(e) of the Florida Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request, on behalf of themselves and the other class members, that this Court enter an order:

a. Declaring that Defendant has breached its employment contracts with Plaintiffs and the other class members, as set out in Count II;

b. Declaring that Defendant violated the minimum wage provisions of the Florida Constitution, as set out in Count III;

c. Awarding each Plaintiff his unpaid minimum wages and an equal amount in liquidated damages with respect to the Fair Labor Standards Act claims set forth in Count I;

d. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts II and III;

e. Granting judgment in favor of Plaintiffs and the other class members against Defendant on the contract claims set forth in Claim II, and awarding each class member (including Plaintiffs) his actual and compensatory damages;

f. Granting judgment in favor of Plaintiffs and the other class members against Defendant on the claims brought under the minimum wage provisions of the Florida Constitution as set forth in Count III, and awarding each class member (including Plaintiffs) the amount of his unpaid wages, along with an equal amount as liquidated damages.

g. Awarding Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. § 216 and §448.08, Fla. Stat.;

h. Awarding Plaintiffs the costs of this litigation;

i. Granting such relief as this Court deems just and appropriate.

Respectfully submitted,

**_/s/ Karla C. Martinez_**
Karla C. Martinez
Florida Bar Number 094674
e-mail: karla@floridalegal.org

Gregory S. Schell
Florida Bar Number 287199
e-mail: greg@floridalegal.org

Florida Legal Services, Inc.
MIGRANT FARMWORKER   JUSTICE
       PROJECT
508 Lucerne Avenue
Lake Worth, Florida 33460-3819
Tel:     (561) 582-3921
Fax:    (561) 582-4884

Attorneys for Plaintiffs