UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONRADO RUIZ-GOMEZ,
PASCUALITO SOL SOLIS,
WALTER PASTOR PEREZ-MAGARINO,
GABRIEL MEDINA-DUQUE,
ANGEL RASGADO-SIBAJA,
SERGIO LOPEZ and
ISMAEL LOPEZ-PEREZ, on behalf of
themselves and all other persons similarly
situated,

        Plaintiffs,

v.

ASTIN FARMS, INC.,

        Defendant.

Case No. 8:15-cv-02438-SDM-TGW

## ANSWERS AND AFFIRMATIVE DEFENSES

COMES NOW ASTIN FARMS, INC. ("Astin Farms" or "Defendant"), by and through its undersigned counsel and pursuant to Rule 12(a), Federal Rules of Civil Procedure, and hereby serves and files its Answers and Affirmative Defenses to the Complaint for Damages, Declaratory Relief, Costs of Litigation and Attorney's Fees (Docket No. 1) filed by CONRADO RUIZ-GOMEZ, PASCUALITO SOL SOLIS, WALTER PASTOR PEREZ-MAGARINO, GABRIEL MEDINA-DUQUE, ANGEL RASGADO-SIBAJA, SERGIO LOPEZ and ISMAEL LOPEZ-PEREZ (collectively "Plaintiffs") in this litigation. With respect to each paragraph of Plaintiffs' Complaint ("Complaint"), Defendant responds:

### INTRODUCTION

1.    Without knowledge and therefore denied.

2. Without knowledge and therefore denied.

## JURISDICTION AND VENUE

3. It is admitted that this Court has jurisdiction over claims asserting a violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), under 28 U.S.C. § 1331 and 28 U.S.C. § 1337. It is further admitted that the Court has discretionary supplemental jurisdiction over Plaintiffs' asserted state law claims under 28 U.S.C. § 1367. The allegations of Paragraph 3 otherwise are denied.

4. It is admitted that this Court has the authority to provide declaratory relief in an FLSA action under the authority of 28 U.S.C. § 2201. The allegations of Paragraph 4 otherwise are denied.

5. Admitted.

## PARTIES

6. It is admitted that Astin Farms is a Florida corporation, with its principal headquarters in Hillsborough County, Florida. The allegations of Paragraph 6 otherwise are denied.

7. Denied.

8. It is admitted that Pascualito Sol-Solis, Sergio Lopez-Morales, Angel Rasgado-Sibaja, Gabriel Medina-Duque and Ismael Lopez Perez were admitted to the United States on temporary visas under the authority of 8 U.S.C. § 1101(a)(15)(ii)(a) to work for Temp.Labor, LLC ("TempLabor") at various times during the 2013-2014 and/or 2014-2015 strawberry harvest seasons. The allegations of Paragraph 8 otherwise are denied.

9. Without knowledge, and therefore denied.

## FACTS
### The H-2A Program

10. It is admitted that the statements set forth in Paragraph 10 are generally accurate statements regarding the temporary admission of aliens to the United States to work in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(ii)(a). The allegations of Paragraph 10 otherwise are denied.

11. It is admitted that the statements set forth in Paragraph 11 are generally accurate statements regarding the statutory and regulatory requirements for the temporary admission of aliens to the United States to work in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(ii)(a). The allegations of Paragraph 11 otherwise are denied.

12. It is admitted that under certain circumstances, an H-2A employer's "clearance order" or "job order" may become a contractual obligation which is binding on that H-2A employer under applicable law. The allegations of Paragraph 12 otherwise are denied.

### Employment of Plaintiffs under the H-2A Program

13. It is admitted that prior to each of the 2013-2014 and 2014-2015 strawberry seasons, Astin Farms engaged the services of TempLabor, and that TempLabor was at all times relevant to its services to Astin Farms an H-2A Labor Contractor within the meaning of 20 C.F.R. § 655.103(b). The allegations of Paragraph 13 otherwise are denied.

14. It is admitted that TempLabor employed certain nonimmigrant foreign workers in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(ii)(a) during the 2013-2014 and 2014-2015 strawberry seasons in west central Florida, and TempLabor made required filings with the U.S. Department of Labor and other federal agencies to accomplish the

employment of its temporary foreign workers. The allegations of Paragraph 14 otherwise are denied.

    15.    Without knowledge and therefore denied.

    16.    Without knowledge and therefore denied.

    17.    Without knowledge and therefore denied.

    18.    Denied.

    19.    Denied.

    20.    Without knowledge and therefore denied.

    21.    Without knowledge and therefore denied.

    22.    Denied.

    23.    Denied.

    24.    Denied.

    25.    It is admitted that Pascualito Sol-Solis, Sergio Lopez-Morales, Angel Rasgado-Sibaja, Gabriel Medina-Duque and Ismael Lopez Perez were employed by TempLabor in the 2013-2014 and/or 2014-2015 strawberry season(s) in west central Florida. The allegations of Paragraph 25 otherwise are denied.

    26.    It is admitted that TempLabor utilized an electronic timekeeping system to track and record the hours worked by its H-2A workers which it employed in the 2013-2014 and/or 2014-2015 strawberry season(s) in west central Florida. The allegations of Paragraph 26 otherwise are denied.

    27.    Without knowledge and therefore denied.

28. It is admitted that Astin Farms did not make payments for certain inbound expenses and daily subsistence to the Plaintiffs or to any other H-2A workers employed by TempLabor in the 2013-2014 and/or 2014-2015 strawberry season(s) in west central Florida, as it never made a verbal or written offer to do so. The allegations of Paragraph 28 otherwise are denied.

29. It is admitted that Astin Farms did not make payments for certain outbound expenses and daily subsistence to the Plaintiffs or to any other H-2A workers employed by TempLabor in the 2013-2014 and/or 2014-2015 strawberry season(s) in west central Florida, as it never made a verbal or written offer to do so. The allegations of Paragraph 29 otherwise are denied.

## CLASS ACTION ALLEGATIONS

30. Without knowledge and therefore denied.

31. Without knowledge and therefore denied.

32. Without knowledge and therefore denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Without knowledge and therefore denied.

36. Denied.

## CLAIMS FOR RELIEF

### COUNT I
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. §206(A))

37. Without knowledge and therefore denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT II
## (BREACH OF CONTRACT)
## (Class Claim)

41. Without knowledge and therefore denied.

42. Denied.

43. Denied.

44. Denied.

## COUNT III

## (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)

## (Class Claim)

45. Without knowledge and therefore denied.

46. It is admitted that Astin Farms did not pay Plaintiffs, as Plaintiffs were employed by TempLabor, and TempLabor was responsible for properly compensating its H-2A workers under applicable law. The allegations of Paragraph 46 otherwise are denied.

47. Denied.

48. Denied.

49. Denied.

## PRAYER FOR RELIEF

Astin Farms denies that Plaintiffs are entitled to any of the relief requested in their asserted Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed for failure to name "Temp.Labor, LLC" as a party defendant to this case, as any and all of Plaintiffs' asserted claims for back wages or employment expenses reimbursement were the sole and exclusive responsibility of TempLabor, and TempLabor's 2013-2014 and 2014-2015 Applications for Temporary Labor Certification were each preconditioned in part upon its posting of a bond in a sufficient amount to provide payments for any back wages or expenses reimbursements which may be found to be due to its H-2A workers by the U.S. Department of Labor ("USDOL").

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' asserted claims under the FLSA are barred under 29 U.S.C. § 216(c), as the USDOL has audited the operations of TempLabor and the certified Labor Certification Application and has demanded that TempLabor make certain back wage payments to its former H-2A workers, and TempLabor has fully complied with the required back wage payments that it agreed to make as a consequence of the USDOL audits.

### THIRD AFFIRMATIVE DEFENSE

Astin Farms is not liable to Plaintiffs for any wage violations, as Plaintiffs were not "employees" of Astin Farms within the meaning of the FLSA or the Florida Minimum Wage Act.

### FOURTH AFFIRMATIVE DEFENSE

Astin Farms is not liable to Plaintiffs for any contractual violations, as Astin Farms had no verbal or written contract with the Plaintiffs, and consequentially, no contractual obligations to the Plaintiffs, for either the 2013-2014 and/or 2014-2015 strawberry season(s).

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' contract claims are barred by accord and satisfaction, as upon information and belief, TempLabor has completely and fully performed all of its material contractual obligations to Plaintiffs under applicable certified applications for temporary labor certifications pertaining to the 2013-2014 and 2014-2015 strawberry seasons.

**SIXTH AFFIRMATIVE DEFENSE**

At all times relevant, Astin Farms sought to comply in good faith with all applicable provisions of the FLSA and its corresponding regulations with respect to its employees. Accordingly, if one or more of the Plaintiffs are able to successfully establish that they were "employees" of Astin Farms, Plaintiffs should not be entitled to liquidated damages for alleged FLSA violations by Astin Farms during the 2013-2014 and/or 2014-2015 strawberry seasons, if any such FLSA violations are proven. 29 U.S.C. §260.

**SEVENTH AFFIRMATIVE DEFENSE**

At all times relevant, Astin Farms sought to comply in good faith with all applicable provisions of the Florida Minimum Wage Act with respect to its employees. Accordingly, if one or more of the Plaintiffs can somehow establish that he was not paid the applicable state minimum wage for all hours worked, and can further establish that he was an "employee" of Astin Farms, such Plaintiff or Plaintiffs should not be entitled to liquidated damages as against Astin Farms for alleged Florida Minimum Wage Act violations, if any are proven to have occurred, during the 2013-2014 and/or 2014-2015 Florida strawberry seasons.

**EIGHTH AFFIRMATIVE DEFENSE**

Astin Farms submits that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims as asserted in Counts II (Breach of Employment Contract), and III

(Florida Minimum Wage Act) of their Complaint, as such state law claims will predominate over Plaintiffs' individual federal wage-hour claims and raise novel issues under Florida's Minimum Wage Act and the common law of contracts. *Santiago v. Wm G. Roe & Sons*, *Inc.*, 2008 WL 2944921 (M.D. Fla. 2008)(raising issue of supplemental jurisdiction *sua sponte* and declining to exercise discretionary supplemental jurisdiction over the asserted state law claims of H-2A workers/plaintiffs, concluding that the Plaintiffs' asserted class claims under state law substantially predominate over the individual FLSA claims).

## NINTH AFFIRMATIVE DEFENSE

Astin Farms is not liable for any FLSA or Florida Minimum Wage Act claim involving an asserted failure to reimburse one or more of the Plaintiffs for pre-employment expenses, as Astin Farms did not recruit the Plaintiffs for employment, Astin Farms did not offer employment to one or more of the Plaintiffs, and therefore such pre-employment relocation expenses were not incurred primarily for the benefit of Astin Farms so as to constitute *de facto* deductions from the Plaintiffs' first week wages.

## TENTH AFFIRMATIVE DEFENSE

Astin Farms is not liable for any contractual violation involving an asserted failure to reimburse one or more of the Plaintiffs for pre-employment or post-employment expenses, as Astin Farms did not recruit the Plaintiffs for employment, Astin Farms did not offer employment to one or more of the Plaintiffs, Astin Farms had no written contract with any of the Plaintiffs, and therefore Astin Farms has no contractual liability for any such reimbursements.

Astin Farms reserves the right to raise additional defenses that become available or arise during the litigation of this matter.

Dated this 18th day of December, 2015.	Respectfully submitted,

/s/ David J. Stefany
DAVID J. STEFANY
Florida Bar No. 0438995
NICOLETTE L. BIDARIAN
Florida Bar No. 83795
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail:  dstefany@anblaw.com
             nbidarian@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of December, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Gregory S. Schell, Esquire and Karla C. Martinez, Esquire, Florida Legal Services, Inc., 508 Lucerne Avenue, Lake Worth, Florida 33460-3819 (greg@floridalegal.org and karla@floridalegal.org).

/s/David J. Stefany
ATTORNEY