UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CONRADO RUIZ-GOMEZ, PASCUALITO SOL SOLIS, WALTER PASTOR PEREZ-MAGARINO, GABRIEL MEDINA-DUQUE, ANGEL RASGADO-SIBAJA, SERGIO LOPEZ, ISMAEL LOPEZ-PEREZ, AURELIANO TORRES, and ISABEL VELASCO, on behalf of themselves and all other persons similarly situated, <br><br>          Plaintiffs, <br><br> v. <br><br> ASTIN FARMS, INC., and ASTIN HARVESTING, INC. <br><br>          Defendants. | CLASS ACTION <br><br> Case No. 8:15-cv-02438-SDM-TGW |

# CASE MANAGEMENT REPORT

1.      Meeting of the Parties: Under Local Rule 3.05(c)(2)(B) or 3.05(c)(3)(A), a meeting was held on  **January 11, 2016**  at                      **10:30 A.M.**                      (check one)

  ( __ )    by telephone.
  ( √ )    **at the courthouse for the Middle District of Florida, Ft. Myers, Florida**.

The meeting was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **Gregory S. Schell** | **Plaintiffs** |
| **David J. Stefany** | **Defendants** |

**This is a case brought by two groups of workers employed on the Defendants' Hillsborough County strawberry farm.  One group consists of several nonimmigrant foreign guestworkers, who allege that they did not properly get reimbursed for the pre-employment expenses which they incurred traveling to Florida to work for the Defendants during the 2013-2014, 2014-2015 and/or 2015-2016 seasons.  The Plaintiffs assert that the Defendants are liable for such**

**expense reimbursements, under a theory of joint employment. The remaining Plaintiffs are domestic workers who were employed directly by either Astin Farms, Inc. ("Astin Farms") or Astin Harvesting, Inc. ("Astin Harvesting"). These domestic workers contend that they were engaged in corresponding employment with the nonimmigrant guestworkers (as defined by 20 C.F.R. § 655.103(b)), and thereby were entitled to the same wage and housing benefits as those offered to the H-2A workers. The Plaintiffs seek certification of two classes – one comprised of nonimmigrant foreign guestworker employees and the other comprised of domestic workers who were engaged in corresponding employment.**

**The Defendants deny that they are joint employers of any of the Plaintiffs, and assert that Plaintiffs' employer was Temp.Labor, LLC ("TempLabor"), a registered H-2A Labor Contractor as defined in 20 C.F.R. § 655.103(b). TempLabor petitioned the U.S. Department of Labor to employ one of more of the Plaintiffs for the seasons raised in Plaintiffs' Amended Complaint, and TempLabor's written job offer described the expenses it agreed to make to its employees. The Defendants further deny that the domestic worker Plaintiffs were engaged in corresponding employment, as they have alleged.1**

2. Initial Disclosure:

    a. Rule 26(a)(1), Federal Rules of Civil Procedure, states:

        Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party must, without awaiting a discovery request, provide to the other parties:

        (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

        (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

        (iii) a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

(iv) for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[1]

The parties (check one)

(__) have exchanged Rule 26(a)(1)(A) information.

(√) agree to exchange Rule 26(a)(1)(A) information on or before __**January 25, 2016**__.[2]

(__) stipulate not to disclose Rule 26(a)(1)(A) information because _____

(__) are unable to agree to disclosure of Rule 26(a)(1)(A) information because _____

3.   Discovery Plan (Plaintiffs): The parties jointly propose the following discovery plan for the plaintiff:

   a.   Planned Discovery: A description of each discovery effort the plaintiffs plan to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the plaintiffs will pursue the discovery.

---

[1] A party is not excused from an initial disclosure because the party has not fully completed an investigation of the case or because the party challenges the sufficiency of another party's disclosures or because another party has failed to disclose. Fed. R. Civ. P. 26(a)(1).

[2] Under Rule 26(a)(1)(C), "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan." Unless otherwise stipulated or ordered, any party first served or otherwise joined after the Rule 26(f) conference must initially disclose within thirty days of being served or joined. Fed. R. Civ. P. 26(a)(1)(D).

(1) Request for Admission:

**Plaintiffs expect to use requests for admission to authenticate documents and to establish the earnings records of both the named Plaintiffs and the putative class members, and as otherwise permitted under the Federal Rules of Civil Procedure.**

Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the plaintiffs' requests for admission.

(2) Written Interrogatory:

**Plaintiffs expect to use interrogatories to identify witnesses and to test factual and legal contentions asserted by the Defendants and as otherwise permitted under the Federal Rules of Civil Procedure.**

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the plaintiffs may request leave to exceed this limit.

(3) Request for Production or Inspection:

**Plaintiffs anticipate using requests for production to obtain payroll records regarding the hours worked and wages earned by the Plaintiffs, to determine the rental and other housing-related charges incurred by the domestic workers, to establish the requirements for class certification, and as otherwise permitted under the Federal Rules of Civil Procedure.**

(4) Oral Deposition:

**Plaintiffs plan to conduct oral depositions as permitted under the Federal Rules of Civil Procedure to both establish the merits of their claims and to demonstrate that this case satisfies the requirements for certification as a class action under Federal Rule of Civil Procedure 23(b)(3).**

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the plaintiffs may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|------|-------------------------------|---------|

**Not applicable.**

b.  Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the plaintiffs' Rule 26(a)(2) disclosure is due on or before   **January 31, 2017**  .

c.  Supplementation of Disclosure and Response: The parties agree that the plaintiffs will supplement under Rule 26(e) at the following times:

**As required under the Federal Rules of Civil Procedure.**

d.  Completion of Discovery: The plaintiffs will begin discovery in time to complete the discovery on or before   **March 3, 2017**  .

4.  Discovery Plan (Defendants): The parties jointly propose the following discovery plan for the defendant:

a.  Planned Discovery: A description of each discovery effort the defendant plans to pursue appears below under the pertinent heading and includes the subject of the discovery and the time during which the defendant will pursue the discovery.

(1) Request for Admission:

**As permitted under the Federal Rules of Civil Procedure.**

Number of Requests for Admission: In paragraph 6 of this order, a party may seek – in accord with Rule 26(b)(2) – to limit the number of the defendants' requests for admission.

(2) Written Interrogatory:

**As permitted under the Federal Rules of Civil Procedure.**

Number of Interrogatories: Local Rule 3.03(a) states, "Unless otherwise permitted by the Court for cause shown, no party shall serve upon any other

party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed. R. Civ. P., including all parts and subparts." In paragraph 6 of this order the defendants may request leave to exceed this limit.

(3) Request for Production or Inspection:

**As permitted under the Federal Rules of Civil Procedure.**

(4) Oral Deposition:

**As permitted under the Federal Rules of Civil Procedure.**

Number of Depositions: Local Rule 3.02(b) states, "In accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." In paragraph 6 of this order the defendants may request leave to exceed this limit.

Time Permitted for Each Deposition: Under Rule 30(d)(2), each deposition is limited to seven hours during one day unless extended by order or by agreement of the parties.

The parties request an order extending the duration of the following depositions:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|

**Not applicable.**

b.  Disclosure of Expert Testimony: Under Rule 26(a)(2)(C), the parties stipulate that the defendant's Rule 26(a)(2) disclosure is due on or before   **February 17, 2017**  .

c.  Supplementation of Disclosure and Response: The parties agree that the defendant will supplement under Rule 26(e) at the following times:

**As required under the Federal Rules of Civil Procedure.**

d.  Completion of Discovery: The defendants will begin discovery in time to complete the discovery on or before  **March 3, 2017**   .

5.    Joint Discovery Plan: The parties agree to the following discovery practices (e.g., method of handling confidential information, method for asserting or preserving a privilege or an objection, arrangement for discovery in phases or only on particular issues):

> **The Plaintiffs and Defendants will cooperate with each other with handling confidential data disclosed during discovery. All such confidential data shall be conspicuously labeled "CONFIDENTIAL," and no documents labeled as "CONFIDENTIAL" shall be filed with the Court unless the confidential data has been redacted or otherwise protected from disclosure through an appropriate Court Order.**
>
> **Although the Court's Order dated October 16, 2015 (DE 4) suggests a discovery deadline of approximately 8 months after the Defendants' initial filing, the parties have suggested to the Court herein that they need slightly over fourteen (14) months to conduct the discovery required for this case, due to the multitude of parties and the fact that Plaintiffs are permanent residents of a foreign country which renders more challenging the completion of written discovery from Plaintiffs, as well as the scheduling and completion of their depositions.**

6.      Disagreement or Unresolved Issue Concerning Discovery: No disagreement or unresolved issue excuses the timely establishment of a deadline for completion of discovery. The following discovery issues remain:

> **The Plaintiffs and Defendants note that as of the date of the parties' Case Management Conference, Defendant Astin Farms had filed a Third Party Complaint against Temp.Labor, LLC, and is in the process of effectuating formal service of process on that organization's registered agent. Plaintiffs have also filed an Amended Complaint against Astin Farms, and have sought to add a new party defendant to the litigation, Astin Harvesting. Therefore, the parties would submit that Temp.Labor, LLC should be given fourteen (14) days from service of the Case Management Report to file any objections to the proposed deadlines and statements contained herein.**

7.      Third-Party Claim, Joinder of Party, Potentially Dispositive Motion: The parties agree that they must move by __**May 18, 2016**__ for leave to file a third-party claim or for leave to join a party. *See* Local Rule 4.03. The parties agree that a dispositive motion is due on or before __**June 30, 2017**__. **The Plaintiffs expect to move to join additional individuals as named Plaintiffs if class certification is denied, and will request that members of the putative classes have thirty (30) days following the Court's denial of class certification to be added as individual parties.**

8.      Settlement and Alternative Dispute Resolution: Under Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement of their intent regarding alternative dispute resolution:

The parties agree that settlement is (check one)

(__)    likely.
(√)    unlikely.

Concerning binding arbitration under Local Rules 8.02(a)(3) and 8.05(b), the parties (check one)

(__)  consent.
(√)  fail to consent.

If the parties fail to consent to binding arbitration, future consent is (check one)

(__)  likely.
(√)  unlikely.

If the parties fail to consent to binding arbitration, an order will require mediation under Chapter Nine of the Local Rules.

9. Consent to Magistrate Judge Jurisdiction: Concerning consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial (*see* 28 U.S.C. § 636), the parties (check one)

(__)  consent.
(√)  fail to consent.

If the parties do not consent, future consent is (check one)

(__)  likely.
(√)  unlikely.

10. Final Pretrial Conference and Trial: The parties will prepare for a final pretrial conference, which will occur on or after before **September 1, 2017**, and for trial, which will occur on or after before **October 1, 2017**. This trial is expected to last approximately before **forty (40) hours** and is a (check one)

(√)  jury trial.
(__)  bench trial.

11. Pretrial Disclosure and Final Pretrial Procedure: The parties acknowledge awareness of and compliance with the pretrial disclosure requirements in Rule 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

12. Other Items:

**The Plaintiffs expect to shortly be filing a motion to enlarge the time for filing for class certification under Local Rule 4.04(b). The Plaintiffs intend to rely on certain of the discovery developed under this discovery plan in support of their class certification motion.**

**The Plaintiffs further assert that the domestic worker plaintiffs are migrant farmworkers, as are the members of their proposed class. These individuals ordinarily are absent from**

**Florida from June through October. The Plaintiffs therefore request that trial be scheduled during the months of November, December, January, February, March, April or May.**

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

Dated this 12th day of January, 2016.

| | |
|---|---|
| */s/ Gregory S. Schell* | */s/ David J. Stefany* |
| GREGORY S. SCHELL | DAVID J. STEFANY |
| Florida Bar No. 287199 | Florida Bar No. 0438995 |
| *Counsel for Plaintiffs* | NICOLETTE L. BIDARIAN |
| | Florida Bar No. 83795 |
| | *Counsel for Defendants* |
| **FLORIDA LEGAL SERVICES, INC.** | **ALLEN NORTON & BLUE, P.A.** |
| **MIGRANT FARMWORKER JUSTICE PROJECT** | Hyde Park Plaza - Suite 225 |
| 508 Lucerne Avenue | 324 South Hyde Park Avenue |
| Lake Worth, Florida 33460-3819 | Tampa, Florida 33606-4127 |
| (561) 582-3921 | (561) 582-4884 - Fax | (813) 251-1210 | (813) 253-2006 – Fax |
| E-mail: greg@floridalegal.org | E-mail: dstefany@anblaw.com |
| | nbidarian@anblaw.com |

and

KARLA C. MARTINEZ
Florida Bar No. 094674
**FLORIDA LEGAL SERVICES, INC.**
**MIGRANT FARMWORKER JUSTICE PROJECT**
14260 W. Newberry Rd., No. 412
Newberry, FL 32669
E-mail:  karla@floridalegal.org

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 12th day of January, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Gregory S. Schell, Esquire at Florida Legal Services, Inc., Migrant Farmworker Justice Project, 508 Lucerne Avenue, Lake Worth, Florida 33460-3819, and to Karla Martinez, Esquire at Florida Legal Services, Inc., Migrant Farmworker Justice Project, 14260 W. Newberry Rd., No. 412, Newberry, FL 32669.

*/s/ David J. Stefany*
ATTORNEY