UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| CONRADO RUIZ-GOMEZ, <br> PASCUALITO SOL SOLIS, <br> WALTER PASTOR PEREZ-MAGARINO, <br> GABRIEL MEDINA-DUQUE, <br> ANGEL RASGADO-SIBAJA, <br> SERGIO LOPEZ and <br> ISMAEL LOPEZ-PEREZ, <br> AURELIANO TORRES and <br> ISABEL VELASCO, <br> on behalf of themselves and all <br> other persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> ASTIN FARMS, INC. and <br> ASTIN HARVESTING, INC., <br><br> Defendants. | CLASS ACTION <br><br> Case No. 8:15-cv-2438-T-23TGW |

**PLAINTIFFS' UNOPPOSED MOTION FOR**
**ENLARGEMENT OF TIME TO FILE MOTION FOR CLASS CERTIFICATION**

In accordance with Fed.R.Civ.P. 6(b), Plaintiffs hereby request an enlargement of the period for filing their motion for class certification under Rule 23 until July 15, 2016 and in support of this motion, state as follows:

1. Plaintiffs filed an Amended Complaint on December 31, 2016, presenting claims under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq.* ("AWPA"), the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the minimum wage provisions of the Florida Constitution, Article X, Section 24, feral regulations governing

the temporary foreign agricultural program, 20 C.F.R. §§ 655.100, *et seq.,* and common contract law. *See* Amended Complaint (Docket Entry 13) at 1, ¶ 1-2.

2. The Amended Complaint seeks class treatment of both the AWPA and contract claims. These claims are filed on behalf of the two groups that comprise the harvesting workforce on Astin Farms' operations: (1) nonimmigrant foreign guestworkers from Mexico furnished through farm labor contractor Temp Labor, LLC and (2) Astin's own direct employees, who are domestic migrant workers residing in Astin Farms' labor camp housing. The guestworkers claim that they were not properly reimbursed for the pre-employment visa and travel expenses or their outbound travel during the 2013-2014, 2014-2015 and/or 2015-2016 strawberry seasons. The domestic migrant workers contend that over the same time period, Astin Farms failed to offer them the same wages and benefits as were extended to the guestworkers. In particular, the domestic migrant workers they were paid at a lower rate than the guestworkers and were not provided with rent-free housing, as Astin Farms provided for the guestworkers. *See* Amended Complaint (Docket Entry 13) at 16-18, ¶ 41-47 and 19-21, ¶ 48-55. The Amended Complaint asks the Court to certify two classes – one comprised of the guestworkers and the other consisting of the domestic migrant workers.

3. Local Rule 4.04(b) requires Plaintiffs to move for class certification within 90 days of the filing of the complaint, *i.e.,* no later than January 15, 2016. The Court's local rule authorizes the Court to extend this period for good cause shown. Good cause exists in this case.

4. This action involves an estimated 400 farmworkers. Class certification is expected to be contested by both Defendant and third party defendant Temp Labor. LLC.[1] For this reason,

---

[1] As of this juncture, Plaintiffs cannot say for certain whether this will be the case, nor do they presently know the precise nature of any opposition to class certification. Astin Farms has yet to answer the Amended Complaint. Temp Labor, LLC has not yet been served.

Plaintiffs anticipate that discovery will be needed to establish the propriety of class treatment of these claims.

5. Plaintiffs have received very limited information from either Astin Farms or Temp Labor, LLC. Neither of them has served its initial disclosures under Rule 26(a).

6. Discovery has yet to begin. Current conducted their in-person meeting pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05 on January 11, 2016. Under Fed.R.Civ.P. 26(d), discovery could not commence until after that date.

7. The requested five month enlargement of time period is requested in order that a sufficient evidentiary record can be developed to enable the Court to fully evaluate the class certification question. Because third party defendant Temp Labor, LLC has yet to be served or appear in this case, it is likely that some of this discovery will not take place for several months.

In accordance with Local Rule 3.01(g), the undersigned state that they have conferred with opposing counsel and are authorized to state that Defendants Astin Farms, Inc. and Astin Harvesting, Inc. do not object to the relief requested in this motion.

Dated: January 14, 2016         Respectfully Submitted,

*/s/Karla C. Martinez*
Karla C. Martinez
FL Bar No. 94674
MIGRANT FARMWORKER JUSTICE
    PROJECT
Florida Legal Services, Inc.
14260 W. Newberry Rd., No. 412
Newberry, Florida 32669
(352) 375-2494 Ext. 1012
(352) 331-5202 *fax*
e-mail: karla@floridalegal.org

- 4 -

                ***/s/Gregory S. Schell***
                Gregory S. Schell
                FL Bar No. 287199
                MIGRANT FARMWORKER JUSTICE
                    PROJECT
                Florida Legal Services, Inc
                508 Lucerne Avenue
                Lake Worth, Florida 33460-3819
                (561) 582-3921
                (561) 582-4884
                e-mail: greg@floridalegal.org

                *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of January 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Nicolette L. Bidarian, Esquire, and David J. Stefany, Esquire, Allen Norton & Blue, P.A., Hyde Park Plaza, Suite 225, 324 South Hyde Park Avenue, Tampa, Florida 33606 (nbidarian@anblaw.com and dstefany@anblaw.com), counsel of record for Defendants.

                ***/s/Karla C. Martinez***
                Karla C. Martinez