UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CONRADO RUIZ-GOMEZ,
PASCUALITO SOL SOLIS,
WALTER PASTOR PEREZ-MAGARINO,
GABRIEL MEDINA-DUQUE,
ANGEL RASGADO-SIBAJA,
SERGIO LOPEZ,
ISMAEL LOPEZ-PEREZ,
AURELIANO TORRES, and
ISABEL VELASCO, on behalf of themselves
and all other persons similarly situated,

              Plaintiffs,                 CLASS ACTION

v.                                 Case No. 8:15-cv-02438-SDM-TGW

ASTIN FARMS, INC., and ASTIN
HARVESTING, INC.

              Defendant.

## ANSWERS AND AFFIRMATIVE DEFENSES
## TO PLAINTIFFS' AMENDED COMPLAINT

COME NOW ASTIN FARMS, INC. ("Astin Farms") and ASTIN HARVESTING, INC.

("Astin Harvesting")(collectively, "Defendants"), by and through its undersigned counsel and

pursuant to Rule 15(a)(3), Federal Rules of Civil Procedure, and hereby serve and files their

Answers and Affirmative Defenses to the Amended Complaint for Damages, Declaratory Relief,

Costs of Litigation and Attorney's Fees (DE 13)[1] filed by CONRADO RUIZ-GOMEZ,

PASCUALITO SOL SOLIS, WALTER PASTOR PEREZ-MAGARINO, GABRIEL MEDINA-

DUQUE, ANGEL RASGADO-SIBAJA, SERGIO LOPEZ, ISMAEL LOPEZ-PEREZ,

---

[1] "DE __" refers to the Docket Entry of the filing as assigned by the Case
Management/Electronic Case Filing system in this litigation, followed by the appropriate
numerical designation.

AURELIANO TORRES, and ISABEL VELASCO (collectively "Plaintiffs") in this litigation. With respect to each paragraph of Plaintiffs' Amended Complaint ("Complaint"), Defendants respond:

## INTRODUCTION

1.     Without knowledge and therefore denied.

2.     Denied.

3.     It is admitted that Pascualito Sol-Solis, Sergio Lopez-Morales, Angel Rasgado-Sibaja, Gabriel Medina-Duque and Ismael Lopez Perez were admitted to the United States on temporary visas under the authority of 8 U.S.C. § 1101(a)(15)(ii)(a) to work for Temp.Labor, LLC ("TempLabor") at various times during the 2013-2014, 2014-2015 and/or 2015-16 strawberry seasons. The allegations of Paragraph 3 otherwise are denied.

4.     It is admitted that Astin Farms employed farm laborers who were not H-2A workers in the 2013-2014, 2014-2015 and the 2015-2016 strawberry seasons. The allegations of Paragraph 4 are otherwise denied.

5.     Denied.

6.     It is admitted that Astin Farms did not provide rent-free housing to the agricultural workers which it employed during the 2013-2014, the 2014-2015 and/or the 2015-2016 strawberry seasons. The allegations of Paragraph 6 are otherwise denied.

7.     Without knowledge and therefore denied.

## JURISDICTION AND VENUE

8.     It is admitted that this Court has jurisdiction over claims asserting a violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), under 28

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION
380643_2

U.S.C. § 1331 and 28 U.S.C. § 1337.   It is further admitted that the Court has discretionary supplemental jurisdiction over Plaintiffs' asserted state law claims under 28 U.S.C. § 1367.   The allegations of Paragraph 8 otherwise are denied.

9.      It is admitted that this Court has the authority to provide declaratory relief in an FLSA action under the authority of 28 U.S.C. § 2201.  The allegations of Paragraph 9 otherwise are denied.

10.      Admitted.

## PARTIES

11.      It is admitted that Astin Farms is a Florida corporation, with its principal headquarters in Hillsborough County, Florida.  It is further admitted that during the 2013-2014, the 2014-2015 and part of the 2015-2016 strawberry and vegetable seasons, Astin Farms employed Plaintiffs Aureliano Torres and Isabel Velasco as agricultural laborers.  It is further admitted that during portions of the 2014-2015 strawberry season, Astin Farms provided housing for TempLabor to use for some of its employees.  The allegations of Paragraph 11 otherwise are denied.

12.      It is admitted that during the 2013-2014, 2014-2015 and part of the 2015-2016 strawberry and/or vegetable seasons, Astin Farms employed Plaintiffs Aureliano Torres and Isabel Velasco as agricultural laborers.  It is further admitted that during part of the 2014-2015 strawberry and vegetable season, and in part of the 2015-2016 strawberry season, Plaintiffs Aureliano Torres and Isabel Velasco were paid wages by Astin Harvesting.  The allegations of Paragraph 12 otherwise are denied.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

13.    It is admitted that Astin Harvesting is a Florida corporation, with its principal headquarters in Hillsborough County, Florida.  It is further admitted that some of the principals of Astin Harvesting are also principals of Astin Farms.  The allegations of Paragraph 13 otherwise are denied.

14.    It is admitted that Pascualito Sol-Solis, Sergio Lopez-Morales, Angel Rasgado-Sibaja, Gabriel Medina-Duque and Ismael Lopez Perez were admitted to the United States on temporary visas under the authority of 8 U.S.C. § 1101(a)(15)(ii)(a) to work for TempLabor at various times during the 2013-2014, the 2014-2015 and/or the 2015-2016 strawberry seasons. The allegations of Paragraph 14 otherwise are denied.

15.    It is admitted that during the 2013-2014, 2014-2015 and part of the 2015-2016 strawberry and/or vegetable seasons, Astin Farms employed Plaintiffs Aureliano Torres and Isabel Velasco as agricultural laborers.  The allegations of Paragraph 15 otherwise are denied.

## STATEMENT OF FACTS
### The H-2A Program

16.    It is admitted that the statements set forth in Paragraph 16 of Plaintiffs' Complaint are generally accurate statements regarding the federal immigration law program which allows for the temporary admission of aliens to the United States to work in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(ii)(a).  The allegations of Paragraph 16 otherwise are denied.

17.    It is admitted that the statements set forth in Paragraph 17 of Plaintiffs' Complaint are generally accurate statements regarding the statutory and regulatory requirements for the temporary admission of aliens to the United States to work in agriculture under the provisions of

4

8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(ii)(a).  The allegations of Paragraph 17 otherwise are denied.

18.     It is admitted that under certain circumstances, an H-2A employer's "clearance order" or "job order" may become an obligation which is binding on that H-2A employer under applicable state law of contracts.  The allegations of Paragraph 18 otherwise are denied.

### Employment of Migrant Agricultural Worker Plaintiffs

19.     It is admitted that during the 2013-2014, 2014-2015 and part of the 2015-2016 strawberry and/or vegetable seasons, Astin Farms employed Plaintiffs Aureliano Torres and Isabel Velasco as agricultural laborers.  The allegations of Paragraph 19 otherwise are denied.

20.     Denied.

### Employment of H-2A Worker Plaintiffs

21.     It is admitted that prior to each of the 2013-2014, 2014-2015 and 2015-2016 strawberry seasons, Astin Farms engaged the services of TempLabor, and that TempLabor was at all times relevant to its services to Astin Farms an H-2A Labor Contractor within the meaning of 20 C.F.R. § 655.103(b).   The allegations of Paragraph 21 otherwise are denied.

22.     It is admitted that TempLabor employed certain nonimmigrant foreign workers in agriculture under the provisions of 8 U.S.C. § 1188 and 8 U.S.C. § 1101(a)(15)(ii)(a) during the 2013-2014, 2014-2015 and 2015-2016 strawberry seasons in west central Florida, and TempLabor made required filings with the U.S. Department of Labor and other federal agencies to accomplish the employment of its temporary foreign workers.   The allegations of Paragraph 22 otherwise are denied.

23.     It is admitted that TempLabor's labor certification application for the 2013-2014 strawberry season in Hillsborough County, Florida sought the admission of 400 workers for

5

employment from December 6, 2013 through March 25, 2014.   The allegations of Paragraph 23 otherwise are denied.

24.      It is admitted that TempLabor's labor certification application for the 2014-2015 strawberry season in Hillsborough County, Florida sought the admission of 398 workers for employment from November 17, 2014 through March 25, 2015.   The allegations of Paragraph 24 otherwise are denied.

25.      It is admitted that TempLabor's labor certification application for the 2015-2016 strawberry season in Hillsborough County, Florida sought the admission of 650 workers for employment from August 15, 2015 through March 25, 2015.   The allegations of Paragraph 25 otherwise are denied.

26.      Without knowledge and therefore denied.

27.      Without knowledge and therefore denied.

28.      Without knowledge and therefore denied.

29.      Without knowledge and therefore denied.

30.      Denied.

31.      Without knowledge and therefore denied.

32.      Without knowledge and therefore denied.

33.      Denied.

34.      Denied.

35.      Denied.

36.      It is admitted that Pascualito Sol-Solis, Sergio Lopez-Morales, Angel Rasgado-Sibaja, Gabriel Medina-Duque and Ismael Lopez Perez were employed by TempLabor in the

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

2013-2014, the 2014-2015, and/or the 2015-2016 strawberry season(s) in west central Florida. The allegations of Paragraph 36 otherwise are denied.

37.   It is admitted that TempLabor utilized an electronic timekeeping system to track and record the hours worked by its H-2A workers which it employed in the 2013-2014, the 2014-2015 and the 2015-2016 strawberry season(s) in west central Florida.   The allegations of Paragraph 37 otherwise are denied.

38.   Without knowledge and therefore denied.

39.   It is admitted that neither Astin Farms nor Astin Harvesting made payments for certain inbound expenses and daily subsistence to the Plaintiffs or to any other H-2A workers employed by TempLabor in the 2013-2014, 2014-2015 and/or 2015-2016 strawberry season(s) in west central Florida, as neither of them ever made a verbal or written offer to do so.   The allegations of Paragraph 39 otherwise are denied.

40.   It is admitted that neither Astin Farms nor Astin Harvesting made payments for certain outbound expenses and daily subsistence to the Plaintiffs or to any other H-2A workers employed by TempLabor in the 2013-2014, 2014-2015 and/or 2015-2016 strawberry season(s) in west central Florida, as neither of them ever made a verbal or written offer to do so.   The allegations of Paragraph 40 otherwise are denied.

### CLASS ACTION ALLEGATIONS
### (H-2A WORKER CLASS)

41.   Without knowledge and therefore denied.

42.   Without knowledge and therefore denied.

43.   Without knowledge and therefore denied.

44.   Without knowledge and therefore denied.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

380643_2

45.   Without knowledge and therefore denied.

46.   Without knowledge and therefore denied.

47.   Without knowledge and therefore denied.

## CLASS ACTION ALLEGATIONS
### (MIGRANT AGRICULTURAL WORKER CLASS)

48.   Without knowledge and therefore denied.

49.   Without knowledge and therefore denied.

50.   Without knowledge and therefore denied.

51.   Without knowledge and therefore denied.

52.   Without knowledge and therefore denied.

53.   Without knowledge and therefore denied.

54.   Without knowledge and therefore denied.

55.   Without knowledge and therefore denied.

## CLAIMS FOR RELIEF

## COUNT I
### (FAIR LABOR STANDARDS ACT, 29 U.S.C. §206(A))

56.   Without knowledge and therefore denied.

57.   Denied.

58.   Denied.

59.   Denied.

## COUNT II
### (BREACH OF CONTRACT)
### (Class Claim)

60.   Without knowledge and therefore denied.

61.   Denied.

8

62. Denied.

63. Denied.

## COUNT III
### (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)
#### (Class Claim)

64. Without knowledge and therefore denied.

65. It is admitted that neither Astin Farms nor Astin Harvesting made payments to the Plaintiffs or to any other H-2A workers employed by TempLabor in the 2013-2014, 2014-2015 and/or 2015-2016 strawberry season(s) in west central Florida, as such workers were not employees of Astin Farms or Astin Harvesting.   The allegations of Paragraph 65 otherwise are denied.

66. Denied.

67. Denied.

68. Denied.

## COUNT IV
### (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)
#### (Class Claim)

69. Without knowledge and therefore denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

380643_2

76.    Denied.

## PRAYER FOR RELIEF

Astin Farms and Astin Harvesting deny that Plaintiffs are entitled to any of the relief requested in their asserted Prayer for Relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed for failure to name "Temp.Labor, LLC" as a party defendant to this case, as any and all of the H-2A worker Plaintiffs' asserted claims for back wages or employment expenses reimbursement were the sole and exclusive responsibility of TempLabor, and TempLabor's 2013-2014, 2014-2015 and 2015-2016 Applications for Temporary Labor Certification were each preconditioned in part upon its posting of a bond in a sufficient amount to provide payments for any back wages or expenses reimbursements which may be found to be due to its H-2A workers by the U.S. Department of Labor ("USDOL").

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' asserted claims under the FLSA are barred under 29 U.S.C. § 216(c), as the USDOL has audited the operations of TempLabor and the certified Labor Certification Application, has asked that TempLabor make certain back wage payments to its former H-2A workers, and TempLabor has fully complied with the required back wage payments that it agreed to make as a consequence of the USDOL audits.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

### THIRD AFFIRMATIVE DEFENSE

Astin Farms is not liable to the H-2A worker Plaintiffs for any wage violations, as such Plaintiffs were not "employees" of Astin Farms within the meaning of the FLSA or the Florida Minimum Wage Act.

### FOURTH AFFIRMATIVE DEFENSE

Astin Farms is not liable to the H-2A worker Plaintiffs for any contractual violations, as Astin Farms had no verbal or written contract with such Plaintiffs, and consequentially, no contractual obligations to the H-2A worker Plaintiffs, for the 2013-2014, the 2014-2015 and/or the 2015-2016 strawberry season(s).

### FIFTH AFFIRMATIVE DEFENSE

The H-2A worker Plaintiffs' contract claims are barred by accord and satisfaction, as upon information and belief, TempLabor has completely and fully performed all of its material contractual obligations to such Plaintiffs under applicable certified applications for temporary labor certifications pertaining to the 2013-2014, the 2014-2015 and the 2015-2016 strawberry seasons.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant, Astin Farms sought to comply in good faith with all applicable provisions of the FLSA and its corresponding regulations with respect to its employees. Accordingly, if one or more of the H-2A worker Plaintiffs are able to successfully establish that they were "employees" of Astin Farms, such Plaintiffs should not be entitled to liquidated damages for alleged FLSA violations by Astin Farms during the 2013-2014, the 2014-2015 and/or the 2015-2016 strawberry seasons, if any such FLSA violations are proven. 29 U.S.C. §260.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

### SEVENTH AFFIRMATIVE DEFENSE

At all times relevant, Astin Farms sought to comply in good faith with all applicable provisions of the Florida Minimum Wage Act with respect to its employees. Accordingly, if one or more of the H-2A worker Plaintiffs can somehow establish that he was not paid the applicable state minimum wage for all hours worked, and can further establish that he was an "employee" of Astin Farms, such Plaintiff or Plaintiffs should not be entitled to liquidated damages as against Astin Farms for alleged Florida Minimum Wage Act violations, if any are proven to have occurred, during the 2013-2014, the 2014-2015, and/or the 2015-2016 Florida strawberry seasons.

### EIGHTH AFFIRMATIVE DEFENSE

Astin Harvesting is not liable to the H-2A worker Plaintiffs for any wage violations, as such Plaintiffs were not "employees" of Astin Harvesting within the meaning of the FLSA or the Florida Minimum Wage Act.

### NINTH AFFIRMATIVE DEFENSE

Astin Harvesting is not liable to the H-2A worker Plaintiffs for any contractual violations, as Astin Harvesting had no verbal or written contract with such Plaintiffs, and consequentially, no contractual obligations to the H-2A worker Plaintiffs, for the 2013-2014, the 2014-2015 and/or the 2015-2016 strawberry season(s).

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' contract claims are barred by accord and satisfaction, as upon information and belief, TempLabor has completely and fully performed all of its material contractual obligations to the H-2A worker Plaintiffs under applicable certified applications for temporary labor certifications pertaining to the 2013-2014, the 2014-2015 and the 2015-2016 strawberry seasons.

12

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

### ELEVENTH AFFIRMATIVE DEFENSE

At all times relevant, Astin Harvesting sought to comply in good faith with all applicable provisions of the FLSA and its corresponding regulations with respect to its employees. Accordingly, if one or more of the H-2A worker Plaintiffs are able to successfully establish that they were "employees" of Astin Harvesting, Plaintiffs should not be entitled to liquidated damages for alleged FLSA violations by Astin Harvesting during the 2013-2014, the 2014-2015 and/or the 2015-2016 strawberry seasons, if any such FLSA violations are proven.  29 U.S.C. §260.

### TWELFTH AFFIRMATIVE DEFENSE

At all times relevant, Astin Harvesting sought to comply in good faith with all applicable provisions of the Florida Minimum Wage Act with respect to its employees.  Accordingly, if one or more of the H-2A worker Plaintiffs can somehow establish that he was not paid the applicable state minimum wage for all hours worked, and can further establish that he was an "employee" of Astin Harvesting, such Plaintiff or Plaintiffs should not be entitled to liquidated damages as against Astin Harvesting for alleged Florida Minimum Wage Act violations, if any are proven to have occurred, during the 2013-2014, the 2014-2015, and/or the 2015-2016 Florida strawberry seasons.

### THIRTEENTH AFFIRMATIVE DEFENSE

The H-2A Plaintiffs' claims in this litigation under the Florida Minimum Wage Act as asserted in Count III of their Complaint for the 2015-2016 season should be dismissed as against Astin Farms, as such Plaintiffs have failed to comply with necessary conditions precedent for the filing of such a claim under Florida law.  Section 448.110(6)(a), *Florida Statutes*.

## FOURTEENTH AFFIRMATIVE DEFENSE

The H-2A Plaintiffs' claims in this litigation under the Florida Minimum Wage Act as asserted in Count III of their Complaint should be dismissed as against Astin Harvesting, as such Plaintiffs have failed to comply with necessary conditions precedent for the filing of such a claim under Florida law.  Section 448.110(6)(a), *Florida Statutes*.

## FIFTEENTH AFFIRMATIVE DEFENSE

Astin Farms and Astin Harvesting submit that the Court should not exercise supplemental jurisdiction over the H-2A worker Plaintiffs' state law claims as asserted in Counts II (Breach of Contract), and III (Florida Minimum Wage Act) of their Complaint, as such state law claims will predominate over the H-2A worker Plaintiffs' individual federal wage-hour claims and raise novel issues under Florida's Minimum Wage Act and the common law of contracts.  *Santiago v. Wm G. Roe & Sons, Inc.*, 2008 WL 2944921 (M.D. Fla. 2008)(raising issue of supplemental jurisdiction *sua sponte* and declining to exercise discretionary supplemental jurisdiction over the asserted state law claims of H-2A workers/plaintiffs, concluding that the Plaintiffs' asserted class claims under state law substantially predominate over the individual FLSA claims).

## SIXTEENTH AFFIRMATIVE DEFENSE

Astin Farms is not liable for any FLSA or Florida Minimum Wage Act claim involving an asserted failure to reimburse one or more of the H-2A worker Plaintiffs for pre-employment expenses, as Astin Farms did not recruit such Plaintiffs for employment, Astin Farms did not offer employment to one or more of such Plaintiffs, and therefore such pre-employment relocation expenses were not incurred primarily for the benefit of Astin Farms so as to constitute *de facto* deductions from the H-2A worker Plaintiffs' first week wages.

14

## SEVENTEENTH AFFIRMATIVE DEFENSE

Astin Farms is not liable for any contractual violation involving an asserted failure to reimburse one or more of the H-2A worker Plaintiffs for pre-employment or post-employment expenses, as Astin Farms did not recruit such Plaintiffs for employment, Astin Farms did not offer employment to one or more of such Plaintiffs, Astin Farms had no written contract with any of the H-2A worker Plaintiffs, and therefore Astin Farms has no contractual liability for any such reimbursements.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Astin Harvesting is not liable for any FLSA or Florida Minimum Wage Act claim involving an asserted failure to reimburse one or more of the H-2A worker Plaintiffs for pre-employment expenses, as Astin Harvesting did not recruit such Plaintiffs for employment, Astin Harvesting did not offer employment to one or more of such Plaintiffs, and therefore such pre-employment relocation expenses were not incurred primarily for the benefit of Astin Harvesting so as to constitute *de facto* deductions from the H-2A worker Plaintiffs' first week wages.

## NINETEENTH AFFIRMATIVE DEFENSE

Astin Farms is not liable for any contractual violation involving an asserted failure to reimburse one or more of the H-2A worker Plaintiffs for pre-employment or post-employment expenses, as Astin Farms did not recruit such Plaintiffs for employment, Astin Farms did not offer employment to one or more of such Plaintiffs, Astin Farms had no written contract with any of the H-2A worker Plaintiffs, and therefore Astin Farms has no contractual liability for any such reimbursements.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

380643_2

## TWENTIETH AFFIRMATIVE DEFENSE

Astin Farms was not ever the employer of the H-2A worker Plaintiffs within the meaning of the term "employer" as set forth in 20 C.F.R. § 655.103(b).   Accordingly, Plaintiffs Aureliano Torres and Isabel Velasco, as well as Astin Farms' other agricultural laborers, were not engaged in corresponding employment to the nonimmigrant foreign guest workers employed by TempLabor, and therefore Astin Farms has no liability to Aureliano Torres, to Isabel Velasco or to its other agricultural laborers under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* ("AWPA") as alleged in Count IV of Plaintiffs' Complaint.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Astin Harvesting was not ever the employer of the H-2A worker Plaintiffs within the meaning of the term "employer" as set forth in 20 C.F.R. § 655.103(b).   Accordingly, Plaintiffs Aureliano Torres and Isabel Velasco, as well as Astin Farms' other agricultural laborers, were not engaged in corresponding employment to the nonimmigrant foreign guest workers employed by TempLabor, and therefore Astin Harvesting has no liability to Aureliano Torres, to Isabel Velasco or to its other agricultural laborers under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* ("AWPA") as alleged in Count IV of Plaintiffs' Complaint.

Astin Farms and Astin Harvesting reserve the right to raise additional defenses that become available or arise during the litigation of this matter.

ALLEN NORTON & BLUE, P.A.
PROFESSIONAL ASSOCIATION

380643_2

Dated this 14th day of January, 2016.          Respectfully submitted,

                                               /s/ David J. Stefany
                                               DAVID J. STEFANY
                                               Florida Bar No. 0438995
                                               NICOLETTE L. BIDARIAN
                                               Florida Bar No. 83795
                                               *Counsel for Defendant*

                                               **ALLEN NORTON & BLUE, P.A.**
                                               Hyde Park Plaza - Suite 225
                                               324 South Hyde Park Avenue
                                               Tampa, Florida 33606-4127
                                               (813) 251-1210 | (813) 253-2006 – Fax
                                               E-mail:  dstefany@anblaw.com
                                                        nbidarian@anblaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Gregory S. Schell, Esquire and Karla C. Martinez, Esquire, Florida Legal Services, Inc., 508 Lucerne Avenue, Lake Worth, Florida 33460-3819 (greg@floridalegal.org and karla@floridalegal.org).

                                               /s/ David J. Stefany
                                               ATTORNEY