UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

|  |  |
|---|---|
| **CONRADO RUIZ-GOMEZ,** <br> **PASCUALITO SOL SOLIS,** <br> **WALTER PASTOR PEREZ-MAGARINO,** <br> **GABRIEL MEDINA-DUQUE,** <br> **ANGEL RASGADO-SIBAJA,** <br> **SERGIO LOPEZ and** <br> **ISMAEL LOPEZ-PEREZ,** <br> **AURELIANO TORRES and** <br> **ISABEL VELASCO,** <br><br> Plaintiffs, <br><br> v. <br><br> **ASTIN FARMS, INC. and** <br> **ASTIN HARVESTING, INC.,** <br><br> Defendants. <br><br> **ASTIN FARMS, INC.,** <br><br> Third Party Plaintiff, <br><br> v. <br><br> **TEMP LABOR, LLC,** <br><br> Third Party Defendant. | Case No. 8:15-cv-2438-T-23TGW |

**PLAINTIFFS' UNOPPOSED MOTION FOR JOINDER OF**
**33 ADDITIONAL INDIVIDUALS AS PARTIES PLAINTIFF**

In accordance with Fed.R.Civ.P. 20 and 21, Plaintiffs hereby move the Court for an order joining the following individuals as parties plaintiff in this action:

1. Jose Del Carmen-Castellano
2. Rigoberto Castillejos-Trujillo
3. Manuel de Jesus Clemente-Angel
4. Manuel Diaz-Diaz
5. Agustin Diaz-Hernandez
6. Marcelino Diaz-Lopez
7. Armando Lopez-Gomez
8. Antonio Gomez-Perez
9. Manuel Gomez-Sanchez
10. Miguel Gonzalez-Hernandez
11. Marcos Guizman-Lopez
12. Alejandro Guzman-Perez
13. Silverio Hernandez-Gonzalez
14. Fidel Hernandez-Jimenez
15. Esau Jimenez-Ruiz
16. Jose Alfredo Jimenez-Ruiz
17. Jose Isabel Lopez-Cruz
18. Julio Cesar Lopez-Cruz
19. Pedro Lopez-Diaz
20. Andres Lopez-Nunez
21. Josue de Jesus Matias-Toldeo
22. Jose Melendez-Hernandez
23. Felix Nunez-Nunez
24. Pablo Perez-Lopez
25. Apolinar Perez-Ruiz
26. Jacob Rasgado-Altamirano
27. William Mauricio Rasgado-Castellanos
28. Genaro Ruiz-Angel
29. Fredi Ruiz-Gomez
30. Roberto Ruiz-Perez
31. Vicente Ruiz-Velasco
32. Pascual Trujillo-Velez
33. Roberto Carlos Veles-Hernandez

In accordance with Local Rule 3.01(g), Plaintiffs' counsel certifies that he has conferred with opposing counsel regarding this motion and is authorized to state that neither the Defendants nor the Third Party Defendant oppose the relief sought. The joinder of these 33 individuals was a term agreed to by the parties in their mediation settlement of this matter. In order to limit the amount of piece-meal litigation over similar claims in the future, the parties

sought to enlarge the current case so as to include all known Temp Labor crewmembers currently presenting claims similar to those pressed by the current Plainitiffs.

## MEMORANDUM OF LAW

The well-established policy underlying permissive joinder is to promote trial convenience and expedite the resolution of lawsuits. *Disparte v. Corporate Executive Board*, 223 F.R.D. 7, 10 (D.D.C. 2004), *citing Puricelli v. CNA Insurance Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999). Joinder is encouraged because it avoids a multiplication of lawsuits involving similar or identical issues. *Monon Telephone Co., Inc. v. Bristol*, 218 F.R.D. 614, 616 (N.D. Ind. 2003). The court's decision to permit joinder is based on whether the claims of the additional plaintiffs arose out of the same or separate acts or occurrences, whether the party seeking joinder has unduly delayed the proceedings, and whether the nonmovant would be prejudiced by the addition. *Ford v. Air Line Pilots Assoc. International*, 268 F.Supp.2d 271, 295-96 (E.D.N.Y. 2003).

In this instance, the joinder of these 33 individuals as parties plaintiff is fully consistent with concerns of judicial economy and efficiency. Each of the 33 individuals is a temporary foreign worker from Mexico who was furnished by Third Party Defendant Temp Labor, LLC to the Astin Defendants for strawberry-harvesting work during the 2013-14 season. Like the current Plaintiffs, these 33 individuals contend that they were not fully reimbursed neither for their pre-employment visa and transportation expenses or their outbound transportation costs. By joining these individuals to the current litigation and incorporating their claims in the proposed settlement to be presented to the Court for its review, the parties can resolve all known

outstanding claims involving the pre-employment and post-season expenses.  This should help prevent these similar disputes being addressed in an inefficient, piece-meal manner.

If this motion is not granted, the 33 workers will be required to file her own action before this Court, setting out claims identical to those raised in the current litigation.  This will force the Court and the parties to address these claims against in a series of  separate cases, a highly inefficient use of the Court's limited resources.


Dated:       May 1, 2016                           Respectfully Submitted,


                                                   ***/s/Gregory S. Schell*
                                                   Gregory S. Schell
                                                   Florida Bar No. 287199
                                                   MIGRANT FARMWORKER JUSTICE
                                                        PROJECT
                                                   Florida Legal Services, Inc
                                                   Post Office Box 32159
                                                   Palm Beach Gardens, Florida 33420
                                                   (561) 582-3921
                                                   (561) 328-3814
                                                   e-mail: greg@floridalegal.org

                                                   *Attorney for Plaintiffs*

- 5 -

## CERTIFICATE OF SERVICE

       I hereby certify that on this 1st day of May, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Nicolette L. Bidarian, Esquire, and David J. Stefany, Esquire, Allen Norton & Blue, P.A., Hyde Park Plaza, Suite 225, 324 South Hyde Park Avenue, Tampa, Florida 33606 (nbidarian@anblaw.com and dstefany@anblaw.com), counsel of record for the Astin Defendants, and Steven G. Wenzel, Wenzel, Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida  33602 (swenzel@wfclaw.com), counsel of record for Third Party Defendant Temp Labor, LLC.

                                                    ***/s/Gregory S. Schell***
                                                    Gregory S. Schell