UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

_____

| | |
|---|---|
| **CONRADO RUIZ-GOMEZ,** | ) |
| **JOSE DEL CARMEN CASTELLANO,** | ) |
| **RIGOBERTO CASTILLEJOS-TRUJILLO,** | ) |
| **MANUEL DeJESUS CLEMENTE-ANGEL,** | ) |
| **MANUEL DIAZ-DIAZ,** | ) |
| **AGUSTIN DIAZ-HERNANDEZ,** | ) |
| **MARCELINO DIAZ-LOPEZ,** | ) |
| **ANTONIO GOMEZ-PEREZ,** | ) |
| **MANUEL GOMEZ-SANCHEZ,** | ) |
| **MIGUEL GONZALEZ-HERNANDEZ,** | ) |
| **MARCOS GUZMAN-LOPEZ,** | ) |
| **ALEJANDRO GUZMAN-PEREZ,** | ) |
| **SILVERIO HERNANDEZ-GONZALEZ,** | ) |
| **FIDEL HERNANDEZ-JIMENEZ,** | ) |
| **ESAU JIMENEZ-RUIZ,** | ) |
| **JOSE ALFREDO JIMENEZ- RUIZ,** | ) |
| **JOSE ISABEL LOPEZ-CRUZ,** | ) |
| **JULIO CESAR LOPEZ-CRUZ,** | ) CLASS ACTION |
| **PEDRO LOPEZ-DIAZ,** | ) |
| **ARMANDO LOPEZ-GOMEZ,** | ) Case No. 8:15-cv-2438-T23 |
| **SERGIO LOPEZ-MORALES,** | ) |
| **ANDRES LOPEZ-NUÑEZ,** | ) |
| **ISMAEL LOPEZ-PEREZ,** | ) |
| **JOSUE DeJESUS MATIAS-TOLEDO,** | ) |
| **GABRIELMEDINA-DUQUE,** | ) |
| **JOSE MELENDEZ-HERNANDEZ,** | ) |
| **FELIX NUÑEZ-NUÑEZ,** | ) |
| **PABLO PEREZ-LOPEZ,** | ) |
| **WALTER PASTOR  PEREZ-MAGARINO,** | ) |
| **APOLINAR PEREZ-RUIZ,** | ) |
| **JACOB RASGADO-ALTAMIRANO,** | ) |
| **WILLIAM MAURICIO RASGADO-CASTELLANOS,** | ) |
| **ANGEL RASGADO-SIBAJA,** | ) |
| **GENARO RUIZ-ANGEL,** | ) |
| **FREDI RUIZ-GOMEZ,** | ) |
| **ROBERTO RUIZ-PEREZ,** | ) |
| **VICENTE RUIZ-VELASCO,** | ) |
| **PASCUALITO SOL SOLIS,** | ) |
| **AURELIANO TORRES,** | ) |

| | |
|---|---|
| **PASCUAL TRUJILLO-VELEZ,** | ) |
| **ISABEL VELASCO and** | ) |
| **ROBERTO CARLOS VELES-HERNANDEZ,** | ) |
| **on behalf of themselves and all other persons** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| | ) |
| **ASTIN FARMS, INC. and** | ) |
| **ASTIN HARVESTING, INC.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |
| | ) |
| **ASTIN FARMS, INC.,** | ) |
| | ) |
| **Third Party Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **TEMP LABOR, LLC,** | ) |
| | ) |
| **Third Party Defendant.** | ) |
| _____ | ) |

## SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, COSTS OF LITIGATION AND ATTORNEY'S FEES

### INTRODUCTION

1.  This is an action by 42 migrant farmworkers employed on the central Florida operations of Astin Farms, Inc. at various times during the 2013-14, 2014-15 or 2015-16 strawberry seasons.  On behalf of themselves and their co-workers, Plaintiffs bring this action to secure and vindicate rights afforded them by the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801, *et seq*. ("AWPA"), the Fair Labor Standards Act, 29 U.S.C.

§§ 201, *et seq.* ("FLSA"), the minimum wage provisions of the Florida Constitution, Article X,

Section 24, federal regulations governing the temporary foreign agricultural worker program, 20

C.F.R. §§ 655.100, *et seq.,* and common law.

2.   Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez,  Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz,  Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez Andres Lopez-Nuñez,  Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez,  Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez,    Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez claim that Defendants failed to pay them minimum wages as required by the FLSA and the Florida Constitution with regard to their employment on Astin Farms, Inc.'s operations during the 2013-14 and 2014-15 strawberry seasons.   In addition, in violation of the AWPA and in contravention of federal regulations and the workers' employment contracts, Defendants failed to pay Plaintiffs and their co-workers the applicable adverse effect wage rate for their labor.  Finally, Defendant failed to provide housing benefits to Plaintiffs Aureliano Torres and Isabel Velasco and their fellow migrant agricultural workers as required by federal regulations governing the H-2A program.

3.     Defendants employed two distinct groups of migrant workers during the 2013-14, 2014-15 and 2015-16 strawberry seasons.   Defendants employed agricultural "guest workers" recruited from Mexico pursuant to the temporary agricultural work visa program, commonly known as the "H-2A program."  8 U.S.C. § 1188(H)(ii)(a).  Among these agricultural guest workers were Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz,  Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez Andres Lopez-Nuñez,  Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez,  Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez,   Vicente Ruiz-Velasco, Pascualito Sol-Solis,  Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez.  These Plaintiffs and the other guest workers ("H-2A workers") were furnished to Defendants by farm labor contractor Temp Labor, LLC and were hired pursuant to written contracts of employment that included specific representations regarding wages and working conditions.  The terms of these employment contracts were dictated primarily by federal regulations.

4.     Defendants also employed migrant workers who were not H-2A guest workers ("migrant agricultural workers").  These non-H-2A, migrant agricultural workers were recruited

- 4 -

from within the United States and resided during the strawberry season in temporary housing

facilities furnished by Astin Farms, Inc.  As a matter of law, Defendants were not permitted to

offer less favorable terms to similarly-situated domestic workers than it extended to its H-2A

guest workers.  20 C.F.R. § 655.122(a).  Thus, the same terms and conditions of employment

offered contractually to the H-2A workers were incorporated as the minimum terms of the

AWPA "working arrangement" of the migrant agricultural workers.  Among these employment

terms were payment of the adverse effect wage rate and provision of housing facilities at no

charge. The migrant agricultural worker Plaintiffs assert claims under the AWPA.

     5.    Throughout the period while it employed H-2A guestworkers during the 2013-14,

2014-15 or 2015-16 Florida strawberry seasons, Astin Farms, Inc. breached the terms of its

employment agreements with the H-2A guestworkers.  Astin Farms, Inc. failed to reimburse the

H-2A workers in full for pre-employment costs the workers incurred primarily for the benefit of

Astin Farms.  Astin Farms, Inc. also failed to provide or pay for the H-2A workers' return

transportation to their homes in Mexico at the conclusion of the harvest season.   The H-2A

worker Plaintiffs assert claims under the FLSA and on a classwide basis for violations of the

minimum wage provisions of the Florida Constitution and for breach of contract.  Plaintiffs

Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de

Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,

Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-

Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau

Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz,

Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez, Andres

Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez are class representatives for the proposed class of H-2A workers.

6.    Astin Farms, Inc. and Astin Harvesting, Inc. also failed to pay the adverse effect wage rate in each workweek to the migrant agricultural workers they employed during the period of the H-2A workers' contracts in the 2013-14, 2014-15 and 2015-16 strawberry seasons.  In addition, Astin Farms, Inc. and Astin Harvesting, Inc. failed to provide rent-free housing to the migrant agricultural workers they employed during the 2013-14, 2014-15 or 2015-16 strawberry seasons. Plaintiffs Aureliano Torres and Isabel Velasco are class representatives for the proposed class of migrant agricultural workers.

7.    Plaintiffs seek to recover their unpaid wages, actual, statutory, liquidated, consequential and compensatory damages and pre- and post-judgment interest.  Plaintiffs also seek a reasonable attorney's fee pursuant to 29 U.S.C. § 216(b), § 448.08, Fla. Stat. and Article X, Section 24 of the Florida Constitution.


**JURISDICTION AND VENUE**

8.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 (Federal Question), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. § 216(b) (FLSA), 29 U.S.C. § 1854 (AWPA) and 28 U.S.C. §1367 (Supplemental Jurisdiction). This Court has supplemental jurisdiction over

the claims arising under state and common law because these claims are so related to the federal claims that they form part of the same case or controversy.

9.     Declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because Defendants are residents of this district and the cause of action arose in this district.

## PARTIES

11.     Defendant Astin Farms, Inc. is a Florida corporation headquartered in Plant City. At all times relevant to this action, Defendant Astin Farms, Inc. employed Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d). At all times relevant to this action, Astin Farms, Inc. was an employer or joint employer of the H-2A worker Plaintiffs and the other members of the H-2A worker class within the meaning of 20 C.F.R.  § 655.103(b).  Throughout this employment, Plaintiffs and the other class members were assigned tasks, supervised and controlled in all of their job activities by employees of Astin Farms, Inc. and all work was performed on Astin Farms' operations as an integral part of Astin Farms' production of strawberries for commercial sale.  Astin Farms, Inc. provided the timekeeping equipment that collected the data used to prepare the payroll records on the labor of the H-2A worker Plaintiffs and the other members of the H-2A worker class.  During the 2014-15 strawberry season, Astin Farms, Inc. provided housing for the H-2A workers furnished by Temp Labor, LLC.

12.     At all times relevant to this action, Defendant Astin Farms, Inc. was an agricultural employer of Plaintiffs Torres and Velasco and the other members of the migrant agricultural worker class within the meaning of the AWPA, 29 U.S.C. § 1802(2).  Throughout

this employment, Plaintiffs Torres and Velasco and the other members of the migrant agricultural worker class were assigned tasks, supervised and controlled in all of their job activities by employees of Astin Farms, Inc. and all work was performed on Astin Farms' operations as an integral part of Astin Farms' production of strawberries for commercial sale. Astin Farms, Inc. provided the timekeeping equipment that collected the data used to prepare the payroll records on the labor of Torres and Velasco and the other members of the migrant agricultural worker class.  During the 2013-14 strawberry season, Plaintiffs Torres and Velasco and the other members of the migrant agricultural worker class were paid their wages by Astin Farms, Inc.  During the 2014-15 and 2015-16 strawberry seasons, Plaintiffs Torres and Velasco and the other members of the migrant agricultural worker class were paid their wages by Defendant Astin  Harvesting, Inc., an entity wholly owned and controlled by Astin Farms, Inc. and its principals.

13.     Defendant Astin Harvesting, Inc. is a Florida corporation headquartered in Plant City.   On information and belief, Astin Harvesting, Inc. is a wholly-owned subsidiary of Astin Farms, Inc. and is owned and controlled by the principals of Astin Farms, Inc.   During the 2014-15 and 2015-16 strawberry seasons, Astin Harvesting, Inc. was a joint employer of Plaintiffs Aureliano Torres and Isabel Velasco and the other members of migrant agricultural worker class within the meaning of the FLSA, 29 U.S.C. § 203(d).   During the 2014-15 and 2015-16 harvest seasons, Astin Harvesting, Inc. was a farm labor contractor within the meaning of the AWPA in that, in exchange for valuable consideration, it hired, employed or furnished migrant and seasonal agricultural workers to Astin Farms, Inc.

14.     Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez, Andres Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez ("H-2A worker Plaintiffs") are citizens of Mexico who were admitted to the United States on temporary visas pursuant to 8 U.S.C. § 1101(a)(15)(ii)(a) to hand-harvest strawberries and other crops for Defendants at various times during the 2013-2014 and 2014-15 strawberry  seasons.  At various times during the 2013-14 and 2014-15 strawberry harvest seasons, Defendants employed the H-2A worker Plaintiffs and the other members on the H-2A worker class on their Hillsborough County operations to harvest strawberries for sale in interstate commerce.

15.     Plaintiffs Aureliano Torres and Isabel Velasco ("migrant agricultural worker Plaintiffs") currently live in Hillsborough County, Florida.  At all times relevant to this action, Plaintiffs Torres and Velasco were migrant agricultural workers within the meaning of the AWPA in that they were employed by Defendant in agricultural tasks of a seasonal or temporary

- 9 -

nature, including the planting, cultivation and harvesting of strawberries and other crops and to engage in this employment were required to be absent from their permanent places of residence. Throughout the time they were employed on the operations of Astin Farms, Inc., Plaintiffs Torres and Velasco resided in a migrant labor camp owned and operated by Astin Farms, Inc.  At all times relevant to this action, Plaintiffs Torres and Velasco were engaged in the production of strawberries, squash and other crops for sale in interstate commerce within the meaning of the FLSA.

## STATEMENT OF FACTS

### The H-2A Program

16.     An agricultural employer may import aliens to perform labor of a temporary nature if the U.S. Department of Labor ("DOL") certifies that there are insufficient available workers within the U.S. to perform the job and the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188 (a)(1). Aliens admitted in this fashion are commonly referred to as "H-2A workers."

17.     Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with DOL. 20 C.F.R. § 655.130. This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations. This clearance order is used in the recruitment of both U.S. and H-2A workers and must offer to U.S. workers no less than the same benefits, wages and working conditions the employer offered or provided to H-2A workers.  20 C.F.R. § 655.122(a).   Federal

regulations establish the minimum benefits, wages, and working conditions that must be offered

by the petitioning employer in order to avoid adversely affecting similarly-situated U.S. workers.

20 C.F. R. § 655.122.  Among these terms are the following:

(a)     The employer will pay all workers performing the activities described in the

petition at least the applicable adverse effect wage rate for every hour or portion thereof worked

during a pay period. 20 C.F.R. § 655.122(l);

(b)     The employer will provide housing at no cost to H-2A workers and workers in

corresponding employment who are not reasonably able to return to their residence within the

same day.  20 C.F.R. § 655.122(d);

(c)     The employer will abide by the requirements of 20 C.F.R. § 653.501, including

the requirements of 20 C.F.R. § 653.501(d)(4), mandating compliance with state and federal

minimum wage laws;

(d)     For those employees completing 50 percent of the work contract period, the

employer will pay the worker for reasonable costs incurred by the worker for inbound

transportation and daily subsistence en route; and

(e)     For those employees completing the work contract period, the employer will

provide or pay for the worker's transportation and subsistence from the place of employment to

the place from which the worker departed to work for the employer, in most instances, the

worker's home town.

18.     Where an agricultural employer obtains some of its workforce through the H-2A

program, the terms of the "clearance order" or "job order" establish the minimum terms and

conditions of work on the employer's operations for other similarly-employed agricultural

workers. The terms and conditions set forth by the "clearance order" or "job order" are incorporated as the minimum terms and conditions of the AWPA working arrangement under 29 U.S.C. §§ 1822(c) and 1832(c), governing the employment of similarly-situated migrant and seasonal agricultural workers recruited to work on the employer's operations.

## Employment of migrant agricultural worker Plaintiffs

19.     Defendants employed Plaintiffs Torres and Velasco and numerous other migrant agricultural workers to plant, cultivate and harvest its strawberry and vegetable crops during the period from 2013 through 2015.  Plaintiffs Torres and Velasco and the other migrant agricultural workers resided in housing provided by Astin Farms, Inc.  Plaintiffs Torres, Velasco and the other migrant agricultural workers were charged rent by Astin Farms, Inc. for these accommodations, and were also required to purchase their own propane gas for cooking and to pay fees for the clean-up and maintenance of this housing.  Plaintiffs Torres and Velasco and the other migrant agricultural workers resided in Astin Farms, Inc. housing during the 2013-14, 2014-15 and 2015-16 strawberry seasons, including the entire period during which H-2A workers were employed on Astin Farms' operations.

20.     Although Plaintiffs Torres and Velasco and the other members of the migrant agricultural worker class performed the same tasks as the H-2A workers employed on the Defendants' operations during the 2013-14, 2014-15 and 2015-16 Florida strawberry seasons, they were not always compensated at or above the applicable adverse effect wage rate for this labor.

**Employment of H-2A worker Plaintiffs**

21.     Prior to the commencement of the 2013-14, 2014-15 and 2015-16 strawberry seasons, Defendant Astin Farms, Inc. engaged the services of Hector Cruz and Christine Marquez, doing business as Temp Labor, LLC, to furnish workers to assist in harvesting strawberries in Astin Farms' Hillsborough County operations.

22.     Due to an anticipated lack of available domestic workers in their area of operations, the Defendants directed Cruz and Marquez, doing business as Temp Labor, LLC, to file applications to employ temporary foreign workers through the H-2A program. Separate temporary labor certification applications were filed for the 2013-14, 2014-15 and 2015-16 Florida strawberry seasons. The temporary labor certification applications listed Temp Labor, LLC as the employer for the guest workers.

23.     The Temp Labor, LLC temporary labor certification application for the 2013-14 strawberry season sought admission of 100 workers for employment from December 6, 2013 through March 25, 2014 on the operations of Defendant Astin Farms, Inc.  These starting and ending dates were dictated to Temp Labor, LLC by Defendant Astin Farms, Inc.

24.     The Temp Labor, LLC temporary labor certification application for the 2014-15 strawberry season sought admission of 398 workers for employment from November 17, 2014 through March 25, 2015. These dates were dictated to Temp Labor, LLC by Defendant Astin Farms, Inc.

25.      The Temp Labor, LLC temporary labor certification application for the 2015-16 strawberry season sought admission of workers for employment from August 15, 2015 through March 25, 2016. These dates were dictated to Temp Labor, LLC by Defendant Astin Farms, Inc.

26.     As part of the temporary labor certification applications described in Paragraphs 23, 24 and 25, Hector Cruz, Christine Marquez and Temp Labor, LLC submitted to the DOL clearance orders which contained a certification that the orders described the actual terms and conditions of employment being offered and contained all material terms and conditions of the job, as required by 20 C.F.R. § 653.501(d)(3). The essential terms of the clearance orders were dictated by federal regulations at 20 C.F.R. §§ 653.501, 655.120 and 655.122.

27.     The DOL accepted the temporary labor certification applications and clearance orders submitted on behalf of Temp Labor, LLC as described in Paragraphs 23, 24, 25 and 26 and circulated the clearance orders to local job service offices in an effort to recruit U.S. workers to fill the positions offered. When these efforts proved unsuccessful, the DOL certified shortages of labor for all the openings described in the Temp Labor clearance orders. The United States Citizenship and Immigration Services of the Department of Homeland Security issued H-2A visas to fill the manpower needs described in the Temp Labor, LLC clearance orders.

28.     The Temp Labor, LLC clearance orders described in Paragraphs 23, 24 and 25 incorporate the DOL regulations at 20 C.F.R. § 655 Subpart B, including the terms described in Paragraph 17.

29.     Through its agents, Hector Cruz, Christine Marquez and Temp Labor LLC, Defendants recruited the H-2A worker Plaintiffs and the other members of the H-2A worker class from their hometowns in Mexico to fill the positions offered in the Temp Labor, LLC clearance orders.

30.     The Temp Labor, LLC clearance orders served as the employment contracts between Defendants and and the H-2A workers recruited by and furnished to Defendants by

Temp Labor, LLC, including the H-2A worker Plaintiffs and the other members of the H-2A

worker class, pursuant to 20 C.F.R. § 655.122(q). The 2013-14 Temp Labor, LLC clearance

order governed the employment of Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano,

Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin

Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez,

Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio

Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz,

Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez,

Sergio Lopez-Morales, Ismael Lopez-Perez, Andres Lopez-Nuñez, Josue de Jesus Matias-

Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-

Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano,

William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-

Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez

Roberto Carlos Veles-Hernandez and all the other members of the H-2A class employed on

Astin Farms' operations during the 2013-14 strawberry season. The 2014-15 Temp Labor, LLC

clearance order governed the employment of Plaintiff Ismael Lopez-Perez and all the other

members of the H-2A worker class employed on Astin Farms' operations during the 2014-15

strawberry season.  The 2015-16 Temp Labor, LLC clearance order governed the employment of

the members of the H-2A worker class employed on Astin Farms' operations during the 2015-16

strawberry season.

      31.     Following their recruitment, the H-2A worker Plaintiffs and the other members of

the H-2A worker class traveled at their own expense from their respective hometowns in Mexico

to Monterrey or Nuevo Laredo, Mexico to apply for H-2A visas at the United States Consulates in those cities. Each prospective H-2A worker was required to pay a visa application fee in the amount of approximately $190.00.  The H-2A worker Plaintiffs and the other members of the H-2A worker class also incurred lodging expenses while they remained in Monterrey or Nuevo Laredo, waiting for their H-2A visa applications to be processed. After receiving their H-2A visas, the H-2A worker Plaintiffs and the other members of the H-2A worker traveled to Hillsborough County, Florida.  At the U.S./Mexico border, the H-2A worker Plaintiffs and the other members of the H-2A worker class each paid U.S. immigration officials a fee of $6.00 for the issuance of Form I-94 as a prerequisite of entering the U.S.

32.     The H-2A worker Plaintiffs and the other members of the H-2A worker class incurred transportation and subsistence expenses in traveling from their homes to Monterrey or Nuevo Laredo, Mexico and from Monterrey or Nuevo Laredo, Mexico to Astin Farms' jobsite in Florida.

33.     The expenses incurred in preparation for working with Defendants by the H-2A worker Plaintiffs and the other members of the H-2A class as described in Paragraphs 31 and 32 were primarily for Defendants' benefit.  The H-2A worker Plaintiffs and the other members of the H-2A worker class were not reimbursed for these expenses during their first week of their employment with Defendants.   While a portion of these expenses were eventually reimbursed by Temp Labor, LLC, the H-2A worker Plaintiffs and the other members of the H-2A worker class were never reimbursed for the full amount of these pre-employment expenses.   During the 2014-15 and 2015-16 strawberry seasons, Temp Labor, LLC made no monetary reimbursement to the H-2A workers, but instead provided each of  them with a cell phone, the value of which was

substantially less than the reimbursements owed for pre-employment expenses described in Paragraphs 31 and 32.

34.     As a result of the failure of Defendants and Temp Labor, LLC to reimburse in full the H-2A worker Plaintiffs and the other members of the H-2A worker class during their initial workweek of employment on Astin Farms' operations for the pre-employment expenses described in Paragraphs 31 and 32, the wages of the H-2A worker Plaintiffs and the other members of the H-2A worker class for these workweeks were less than the applicable federal and Florida minimum wages.

35.     As a result of the failure of Defendants and Temp Labor, LLC to reimburse in full the H-2A worker Plaintiffs and the other members of the H-2A worker class during their initial workweek of employment on Astin Farms' operations for the pre-employment expenses described in Paragraphs 31 and 32, the wages of the H-2A worker Plaintiffs and the other members of the H-2A worker class for these workweeks were less than the applicable adverse effect wage rate.

36.     The H-2A worker Plaintiffs and the other members of the H-2A worker class worked harvesting strawberries and performing related tasks with the Temp Labor crew on the operations of Astin Farms, Inc. at various points during the 2013-14, 2014-15 or 2015-16 strawberry seasons, performing tasks as set out in the Temp Labor, LLC clearance orders. The H-2A worker Plaintiffs and the other members of the H-2A worker class were compensated for their labor picking strawberries on a piece-rate basis, based on the number of flats of strawberries harvested.

37.     In order to record the amount of compensable time the H-2A worker Plaintiffs and the other members of the H-2A worker class worked during the 2013-14, 2014-15 and 2015-16 strawberry seasons, Temp Labor, LLC utilized an electronic timekeeping system owned and maintained by Defendant Astin Farms, Inc. The data collected by the electronic timekeeping system were provided to Temp Labor, LLC for use in preparation of the payroll records relating to the labor of the H-2A worker Plaintiffs and the other members of the H-2A worker class. The information regarding the compensable time worked each workweek as reflected on Temp Labor LLC's payroll records and the workers' direct deposit wage statements was derived from the data extracted from Defendants' electronic timekeeping system.

38.     Each H-2A worker Plaintiff completed the work contract period for the harvest season for which he was issued an H-2A visa for employment with Temp Labor, LLC and performed work on Astin Farms' operations.

39.     Defendants failed to provide for or pay the full cost of the inbound transportation and daily subsistence *en route* for the H-2A worker Plaintiffs and the members of the H-2A worker class who completed 50 percent of the work contract period in either the 2013-14 strawberry season or the 2014-15 strawberry season, and thereby breached the workers' employment contracts, as embodied in the Temp Labor, LLC clearance orders, and violated federal regulations at 20 C.F.R. § 655.122(h)(1).

40.     Defendants failed to provide or pay for the full cost of the outbound transportation and daily subsistence *en route* for the H-2A worker Plaintiffs and the other members of the H-2A worker class who completed the work contract period in either the 2013-14 strawberry season or the 2014-15 strawberry season, and thereby breached the workers' employment contracts, as

embodied in the Temp Labor, LLC clearance orders, and violated federal regulations at 20 C.F.R. § 655.122(h)(2). The H-2A worker Plaintiffs and the other members of the H-2A worker class were provided only with transportation to the U.S./Mexico border area, leaving the workers themselves responsible for the cost of their transportation from the border region to their respective homes. No daily subsistence was provided or paid for by Defendants or Temp Labor, LLC. with regard to the outbound trips of the H-2A worker Plaintiffs and the other members of the H-2A worker class.

## CLASS ACTION ALLEGATIONS
## (H-2A WORKER CLASS)

41.     All claims set forth in Counts II and III  are brought by the Representative Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez, Andres Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez

on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42.     Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez, Andres Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez seek to represent a class consisting of all H-2A temporary foreign workers who were furnished to Defendant by Temp Labor, LLC for work during the 2013-14, 2014-15 0r 2015-16 strawberry seasons on the operations of Astin Farms, Inc.

43.     The class members are so numerous and geographically disbursed as to make joinder impracticable. The precise number of individuals in the class is not known, but is believed to include at least 400 individuals. The proposed class is comprised of indigent migrant workers who are citizens of Mexico. The class members are not fluent in English and are unfamiliar with the American judicial system. The relatively small size of the individual claims

and the indigence of the class members make the maintenance of separate action by each class member economically unfeasible.

44.     There are questions of law and fact common to the class. These common legal and factual questions include whether Defendants employed or jointly employed the class members within the meaning of 20 C.F.R. § 655.103(b) and the minimum wage provisions of the Florida Constitution; whether the pre-employment visa, lodging and transportation expenses incurred by the class members primarily benefitted Defendants, within the meaning of the minimum wage provisions of the Florida Constitution; whether the Temp Labor, LLC clearance orders constituted employment contracts between the class members and Defendants; and whether Defendant violated its contracts with the class members by failing to provide or pay for the full cost of the class members' inbound and outbound transportation and daily subsistence *en route.*

45.     The H-A worker Plaintiffs' claims are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members.  The H-2A worker Plaintiffs have the same interests as do other members of the class and will vigorously litigate this action on behalf of the class.

46.     Plaintiffs' counsel are experienced in handling actions by H-2A workers to enforce their rights under their employment contracts and have handled numerous class actions in the federal courts, including class actions on behalf of H-2A workers bringing claims similar to those presented in this action. Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action and provide notice to class members under Rule 23(b)(3).

47.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia:*

(a)     The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class to individually prosecute separate actions;

(b)     Many members of the class are unaware of their rights to prosecute their claims and/or lack the means or resources to secure legal assistance;

(c)     There has been no litigation already commenced against Defendants by any of the class member to determine the questions presented;

(d)     It is desirable that the claims be heard in this forum because Defendants reside in this district and the acts giving rise to the causes of action set out herein arose in this district; and

(e)     A class action can be managed without undue difficulty because Defendants and Temp Labor, LLC were required to maintain detailed records concerning each member of the class.


## CLASS ACTION ALLEGATIONS
## (MIGRANT AGRICULTURAL WORKER CLASS)

48.     All claims set forth in Count IV are brought by the Representative Plaintiffs Aureliano Torres and Isabel Velasco on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

49.     Representative Plaintiffs Aureliano Torres and Isabel Velasco seek to represent a class consisting of all migrant agricultural workers agricultural workers, as defined by the

AWPA, who were employed at any time during the periods encompassed by the Temp Labor, LLC clearance orders described in Paragraphs 23 through 25 (December 6, 2013 through March 25, 2014; November 17, 2014 through March 25, 2015; or August 15, 2015 through March 25, 2016) performing tasks listed in these clearance orders in conjunction with its temporary labor certification applications seeking H-2A workers for the 2013-14, 2014-15 or 2015-16 strawberry seasons.

50.     The migrant agricultural worker class members are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the migrant agricultural worker class is known only to Defendants.  However, the migrant agricultural worker subclass is believed to include over 100 individuals.  The migrant agricultural worker class is comprised principally of indigent migrant farmworkers with permanent places of residence located at various sites in the United States, Mexico and Central America.   Most of the members of the migrant agricultural worker class are not fluent in the English language and are unfamiliar with the American judicial system.  The relatively small size of the individual claims and the indigence of the class members make the maintenance of separate actions by each class member economically infeasible.

51.     There are questions of law and fact common to the migrant agricultural worker subclass.  These common legal and factual questions include whether the terms of Temp Labor, LLC's clearance orders were applicable to the class members; whether these clearance order terms constituted a working arrangement between Defendants and the members of the migrant agricultural worker class within the meaning of the AWPA; whether Defendants violated the AWPA by failing to pay the adverse effect wage rate to the members of the migrant agricultural

worker class; whether Defendants violated the AWPA by failing to provide the members of the migrant agricultural worker class with rent-free housing; and whether any violations of the AWPA by Defendants were intention within the meaning of the Act.

52.     The claims of Representative Plaintiffs Aureliano Torres and Isabel Velasco are typical of those of the other members of the migrant agricultural worker class and these typical, common claims predominate over any questions affecting only individual class members.  The Representative Plaintiffs have the same interests as do other members of the migrant agricultural worker class and will vigorously prosecute these interests on behalf of the class.

53.     Representative Plaintiffs Aureliano Torres and Isabel Velasco will fairly and adequately represent the interests of the migrant agricultural worker class.  The Representative Plaintiffs have no interests adverse to those of the other members of the class and will vigorously prosecute this matter on behalf of the class.

54.     Counsel for Representative Plaintiffs Aureliano Torres and Isabel Velasco are experienced in handling actions under the AWPA and have litigated numerous class actions in the federal courts, including class actions brought under the AWPA.  The Representative Plaintiffs' counsel are prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the migrant agricultural worker class under Rule 23(b)(3).

55.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

a.     The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members

of the class in individually controlling the prosecution of separate actions;

b.     Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.     There has been no litigation already commenced against Defendants by the members of the migrant agricultural worker class to determine the questions presented;

4.     It is desirable that the claims be heard in this forum because Defendants are based in this district and the acts giving rise to the causes of action set out herein arose in this district; and

e.     A class action can be managed without undue difficulty because Defendants have regularly committed the violations complained of herein, and are required to maintain detailed records concerning each member of the migrant agricultural worker class.

**CLAIMS FOR RELIEF**

**COUNT I**

**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 206(A))**

56.     Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez ,Andres Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez and Roberto Carlos Veles-Hernandez bring this claim for Defendants' violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

57.     Defendant violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez,      Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz,

Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez ,Andres Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis, Pascual Trujillo-Velez, Roberto Carlos Veles-Hernandez at least $7.25 for every compensable hour of labor performed in each workweek during which they were employed.

58.     The violations of the minimum wage provisions of the FLSA as set out in Paragraph 57 resulted from Defendants' failure to reimburse Plaintiffs during their first week of employment for expenses incurred primarily for the benefit of Defendants, including these Plaintiffs' lodging expenses near the U.S. Consulate, visa application costs, fee for issuance of Form I-94, and the full costs of these Plaintiffs' travel from their homes to Astin Farms' jobsite.

59.     As a consequence of Defendants' violations of the FLSA, Plaintiffs Conrado Ruiz-Gomez, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel de Jesus Clemente-Angel, Manuel Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez,  Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Sergio Lopez-Morales, Ismael Lopez-Perez Andres Lopez-Nuñez, Josue de Jesus Matias-Toledo, Gabriel Medina-Duque, Jose Melendez-Hernandez, Felix Nuñez- Nuñez, Pablo Perez-Lopez, Walter Pastor Perez-Margarino ,Apolinar Perez-Ruiz,

Jacob Rasgado-Altamirano, William Mauricio Rasgado-Castellanos, Angel Rasgado-Sibaja, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascualito Sol-Solis,  Pascual Trujillo-Velez, Roberto Carlos Veles-Hernandez Conrado Ruiz-Gomez, Pascualito Sol-Solis, Walter Pastor Perez-Margarino, Gabriel Medina-Duque, Angel Rasgado-Sibaja, Sergio Lopez-Morales and Ismael Lopez-Perez  are each entitled to recover the minimum wages due him plus an additional equal amount in liquidated damages pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (BREACH OF CONTRACT)
### (Class Claim)

60.     This count sets forth a claim for declaratory relief and damages by the H-2A worker Plaintiffs and the other members of the H-2A worker class for Defendants' breach of their employment contracts with the workers, as embodied in the clearance orders filed by Temp Labor, LLC and under which the H-2A worker Plaintiffs and the other members of the H-2A worker class were employed on the operations of Astin Farms.

61.     The terms and conditions of employment contained in the Temp Labor, LLC clearance orders constituted the employment contracts between Defendants and the H-2A workers furnished to it through Temp Labor, LLC, the terms of which were supplied by federal regulations at 20 C.F.R. §§ 655.120, 655.122 and 655.135.

62.     Defendants breached their employment contracts with the H-2A worker Plaintiffs and the other class members by providing terms and conditions of employment that were materially different from those in the clearance orders, including the following:

(a)     Defendants did not reimburse the H-2A worker Plaintiffs and the other members of the H-2A worker class for the full costs they incurred for transportation between their respective homes and the jobsite, both prior to and following the work contract period, as set out in Paragraphs 31, 32, 39 and 40;

(b)     Defendants failed to comply with the minimum wage provisions of the FLSA and the Florida Constitution, employment-related laws, as set out in Paragraph 34;

(c)     Defendants failed to pay the H-2A worker Plaintiffs and the other members of the H-2A worker class wages at least equal to the adverse effect wage rate for their first week of employment, as set out in Paragraph 35;

(d)     Defendants did not provide daily subsistence to the H-2A worker Plaintiffs and the other members of the H-2A worker class who completed the first 50% of the work contract period for the days they traveled from their homes to the area of Defendants' jobsite;

(e)     Defendants failed to provide daily subsistence to the H-2A worker Plaintiffs and the other members of the H-2A worker class who completed the work contract period for the days they traveled from the area of Defendants' jobsite to their respective homes after completing the work on Defendants' operations.

63.     Defendants' breaches of its employment contract obligations as described in this Count have caused the H-2A worker Plaintiffs and the other members of the H-2A worker class substantial injuries.

## COUNT III

**(MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)**
**(Class Claim)**

64.      This Count sets forth a claim for declaratory relief and damages by the H-2A worker Plaintiffs and the other members of the H-2A worker class for Defendants' violations of the minimum wage provisions of the Florida Constitution.

65.      Defendants failed to pay the H-2A worker Plaintiffs and the other members of the H-2A worker class minimum wages as required by the Florida Constitution and the Florida Minimum Wage Act during their first week of employment.

66.      The violations of the minimum wage provisions of the Florida Constitution as set out in Paragraph 65 resulted from Defendants' failure to reimburse the H-2A worker Plaintiffs and the members of the H-2A worker class, during their initial week of employment, for pre-employment expenses incurred primarily for Defendants' benefit, as set out in Paragraph 34.

67.      The H-2A worker Plaintiffs have performed all conditions precedent required to present their claims under the Florida Minimum Wage Act, including making a written demand for payment of the unpaid wages due them and the other members of the H-2A worker class, but Defendants failed to pay these wages within 15 days of its receipt of this demand.

68.      As a result of Defendants' violations of the minimum wage provisions of the Florida Constitution as described in this Count, the H-2A worker Plaintiffs and the other members of the H-2A worker class are entitled to recover the amount of their respective unpaid wages and an equal amount as liquidated damages, pursuant to Article X, Section 24(e) of the Florida Constitution.

## COUNT IV

## (MIGRANT AND SEASONAL AGRICULTURALORKER PROTECTION ACT)
### (Class Claim)

69.     This count sets forth claims for money damages, declaratory relief and injunctive

relief by Representative Plaintiffs Aureliano Torres and Isabel Velasco and the other members of

the migrant agricultural worker class for Defendants' violations of the Migrant and Seasonal

Agricultural Worker Protection Act and its implementing regulations.

70.     The terms set out in Temp Labor, LLC's clearance orders in conjunction with its

temporary labor certification applications constituted working arrangements between Defendants

and Representative Plaintiffs Aureliano Torres and Isabel Velasco and the other members of the

migrant agricultural worker class within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its

implementing regulations, 29 C.F.R. § 500.72.

71.     Defendants violated the AWPA by failing to pay Representative Plaintiffs

Aureliano Torres and Isabel Velasco and the other members of the migrant agricultural worker

class the adverse effect wage rate for all compensable hours of work performing tasks described

in the Temp Labor, LLC clearance orders during the periods those clearance orders were in

effect (December 6, 2013 through March 25, 2014; November 17, 2014 through March 25, 2015;

or August 15, 2015 through March 25, 2016).

72.     Defendants violated the AWPA by failing to provide Representative Plaintiffs

Aureliano Torres and Isabel Velasco and the other members of the migrant agricultural worker

class with rent-free housing for those periods these individual performed tasks described in the

Temp Labor, LLC clearance orders during the periods those clearance orders were in effect

(December 6, 2013 through March 25, 2014; November 17, 2014 through March 25, 2015; or August 15, 2015 through March 25, 2016).

73.      By the actions and omissions described in Paragraph 71, Defendants failed to pay Representative Plaintiffs Aureliano Torres and Isabel Velasco and the other members of the migrant agricultural worker class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

74.      By the actions and omissions described in Paragraphs 71 and 72, Defendants violated without justification their working arrangement with Representative Plaintiffs Aureliano Torres and Isabel Velasco and the other members of the migrant agricultural worker class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.81.

75.      The violations of the AWPA and its attendant regulations as set forth in this count were the natural consequences of the conscious and deliberate actions of Defendants and were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

76.      As a result of the violations of the AWPA and its attendant regulations as set forth in this count, Representative Plaintiffs Aureliano Torres and Isabel Velasco and the other members of the migrant agricultural worker subclass have suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request, on behalf of themselves and the other members of the classes, that this Court enter an order:

a. Declaring that Defendants have breached its employment contracts with the H-2A worker Plaintiffs and the other members of the H-2A worker class, as set out in Count II;

b. Declaring that Defendants violated the minimum wage provisions of the Florida Constitution, as set out in Count III;

c. Declaring that Defendants violated the wage payment and working arrangement provisions of the Migrant and Seasonal Agricultural Worker Protection Act and its implementing regulations, as set out in Count IV;

d. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims of the H-2A workers set forth in Counts II and III;

e. Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims of the migrant agricultural workers set forth in Count IV;

f. Awarding each of the H-2A worker Plaintiff his unpaid minimum wages and an equal amount in liquidated damages with respect to the Fair Labor Standards Act claims set forth in Count I;

g. Granting judgment in favor of the H-2A worker Plaintiffs and the other members of the H-2A worker class on the contract claims set forth in Claim II, and awarding each class member (including the H-2A worker Plaintiffs) his actual and compensatory damages;

h. Granting judgment in favor of the H-2A worker Plaintiffs and the other members of the H-2A worker class on the claims brought under the minimum wage provisions of the Florida Constitution as set forth in Count III, and awarding each class member (including the H-2A worker Plaintiffs) the amount of his unpaid wages, along with an equal amount as liquidated damages.

i. Granting judgment in favor of Plaintiffs Aureliano Torres and Isabel Velasco and the other members of the migrant agricultural worker class on these workers' claims under the Migrant and Seasonal Agricultural Worker Protection Act as set forth in Count IV, and awarding each of these workers his or her actual damages or statutory damages of $500, whichever is greater, for every violation of the AWPA set forth in that count;

j. Awarding Plaintiffs a reasonable attorney's fee pursuant to 29 U.S.C. § 216 and §448.08, Fla. Stat.;

k. Awarding Plaintiffs the costs of this litigation; and

l.  Granting such relief as this Court deems just and appropriate.

Respectfully submitted,

*/s/Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Florida Legal Services, Inc.
MIGRANT FARMWORKER   JUSTICE
        PROJECT
Post Office Box 32159
Palm Beach Gardens, Florida  33420
Telephone:     (561) 582-3921
Facsimile:      (561) 328-3814

e-mail: greg@floridalegal.org

Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Nicolette L. Bidarian, Esquire, and David J. Stefany, Esquire, Allen Norton & Blue, P.A., Hyde Park Plaza, Suite 225, 324 South Hyde Park Avenue, Tampa, Florida 33606 (nbidarian@anblaw.com and dstefany@anblaw.com), counsel of record for the Astin Defendants, and Steven G. Wenzel, Wenzel, Fenton Cabassa, P.A., 1110 North Florida Avenue, Suite 300, Tampa, Florida  33602 (swenzel@wfclaw.com), counsel of record for Third Party Defendant Temp Labor, LLC.


*/s/Gregory S. Schell*
Gregory S. Schell