UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CONRADO RUIZ-GOMEZ,<br>JOSE DEL CARMEN CASTELLANO,<br>RIGOBERTO CASTILLEJOS-TRUJILLO,<br>MANUEL DeJESUS CLEMENTE-ANGEL,<br>MANUEL DIAZ-DIAZ,<br>AGUSTIN DIAZ-HERNANDEZ,<br>MARCELINO DIAZ-LOPEZ,<br>ANTONIO GOMEZ-PEREZ,<br>MANUEL GOMEZ-SANCHEZ,<br>MIGUEL GONZALEZ-HERNANDEZ,<br>MARCOS GUZMAN-LOPEZ,<br>ALEJANDRO GUZMAN-PEREZ,<br>SILVERIO HERNANDEZ-GONZALEZ,<br>FIDEL HERNANDEZ-JIMENEZ,<br>ESAU JIMENEZ-RUIZ,<br>JOSE ALFREDO JIMENEZ- RUIZ,<br>JOSE ISABEL LOPEZ-CRUZ,<br>JULIO CESAR LOPEZ-CRUZ,<br>PEDRO LOPEZ-DIAZ,<br>ARMANDO LOPEZ-GOMEZ,<br>SERGIO LOPEZ-MORALES,<br>ANDRES LOPEZ-NUÑEZ,<br>ISMAEL LOPEZ-PEREZ,<br>JOSUE DeJESUS MATIAS-TOLEDO,<br>GABRIEL MEDINA-DUQUE,<br>JOSE MELENDEZ-HERNANDEZ,<br>FELIX NUÑEZ-NUÑEZ,<br>PABLO PEREZ-LOPEZ,<br>WALTER PASTOR PEREZ-MAGARINO,<br>APOLINAR PEREZ-RUIZ,<br>JACOB RASGADO-ALTAMIRANO,<br>WILLIAM MAURICIO RASGADO-CASTELLANOS,<br>ANGEL RASGADO-SIBAJA,<br>GENARO RUIZ-ANGEL,<br>FREDI RUIZ-GOMEZ,<br>ROBERTO RUIZ-PEREZ,<br>VICENTE RUIZ-VELASCO,<br>PASCUALITO SOL SOLIS,<br>AURELIANO TORRES,<br>PASCUAL TRUJILLO-VELEZ, | CLASS ACTION<br><br>Case No. 8:15-cv-02438-SDM-TGW |

ISABEL VELASCO and
ROBERTO CARLOS VELES-HERNANDEZ,
on behalf of themselves and all other persons
similarly situated,

               Plaintiffs,

v.

ASTIN FARMS, INC., and ASTIN
HARVESTING, INC.

               Defendants.

ASTIN FARMS, INC.,

               Third Party Plaintiff,

v.

TEMP.LABOR, LLC,

               Third Party Defendant.

## **SECOND AMENDED THIRD PARTY COMPLAINT FOR INDEMNIFICATION**

Third Party Plaintiff, ASTIN FARMS, INC. ("Astin Farms"), by and through undersigned counsel, and pursuant to Rules 14 and 15, Federal Rules of Civil Procedure, and per this Court's Order dated July 13, 2016 (Dkt. No. 37), hereby sues the Third Party Defendant TEMP.LABOR, LLC ("TempLabor") and says:

### **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the original Complaint (Dkt. No. 1) brought against Astin Farms by Plaintiffs Conrado Ruiz-Gomez, Pascualito Sol Solis, Walter Pastor Perez-Magarino, Gabriel Medina-Duque, Angel Rasgado-Sibaja, Sergio Lopez, and Ismael Lopez-Perez and all other persons similarly situated. Further, this Court has jurisdiction over the Amended Complaint (Dkt. No. 13) brought against Astin Farms by Plaintiffs Conrado Ruiz-

Gomez, Pascualito Sol Solis, Walter Pastor Perez-Magarino, Gabriel Medina-Duque, Angel Rasgado-Sibaja, Sergio Lopez, and Ismael Lopez-Perez, Aureliano Torres, Isabel Velasco and all other persons similarly situated.  Finally, this Court has jurisdiction over the Second Amended Complaint (Dkt. No. 38) (the "Amended Complaint") brought against Astin Farms by Plaintiffs Conrado Ruiz-Gomez, Pascualito Sol Solis, Walter Pastor Perez-Magarino, Gabriel Medina-Duque, Angel Rasgado-Sibaja, Sergio Lopez, Ismael Lopez-Perez, Aureliano Torres, Isabel Velasco, Jose Del Carmen Castellano, Rigoberto Castillejos-Trujillo, Manuel DeJesus Clemente-Angel, Manual Diaz-Diaz, Agustin Diaz-Hernandez, Marcelino Diaz-Lopez, Antonio Gomez-Perez, Manuel Gomez-Sanchez, Miguel Gonzalez-Hernandez, Marcos Guzman-Lopez, Alejandro Guzman-Perez, Silverio Hernandez-Gonzalez, Fidel Hernandez-Jimenez, Esau Jimenez-Ruiz, Jose Alfredo Jimenez-Ruiz, Jose Isabel Lopez-Cruz, Julio Cesar Lopez-Cruz, Pedro Lopez-Diaz, Armando Lopez-Gomez, Andres Lopez-Nuñez, Josue DeJesus Matias-Toledo, Jose Melendez-Hernandez, Felix Nuñez-Nuñez, Pablo Perez-Lopez, Apolinar Perez-Ruiz, Jacob Rasgado-Altamirano, William Mauricio Rassgado-Castellanos, Genaro Ruiz-Angel, Fredi Ruiz-Gomez, Roberto Ruiz-Perez, Vicente Ruiz-Velasco, Pascual Trujillo-Velez, Roberto Carlos Veles-Hernandez,  and all other persons similarly situated   (collectively, the "Plaintiffs").

2.      Plaintiffs' Amended Complaint arises under federal law, the Fair Labor Standards Act ("FLSA"), 28 U.S.C. § 1337 (Interstate Commerce), 29 U.S.C. §216(b) (FLSA), the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA"), 29 U.S.C. §§1801, *et seq.* and 28 U.S.C. §1367 (supplemental jurisdiction of state and common law claims). Therefore, this Court has ancillary and supplemental jurisdiction over Astin Farm's Second Amended Third Party Complaint, which is an action for indemnification against TempLabor, who would be liable to

Astin Farms for all of the claims asserted by the H-2A worker Plaintiffs against Astin Farms and any losses or liability incurred by Astin Farm as a result thereof.

3. Declaratory relief is authorized pursuant to 28 U.S.C. §§2201 and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), because the Third Party Defendant is a resident of this district and the cause of the instant action arose in this district.

## PARTIES

5. Third Party Plaintiff Astin Farms is a Florida corporation headquartered in Plant City, Florida. Astin Farms is in the business of growing, cultivating, processing and selling fresh vegetables and fruit in central Florida.

6. Third Party Defendant, TempLabor, is a Florida limited liability company, headquartered in Plant City, Florida. Third Party Defendant TempLabor is in the business of hiring, employing and providing temporary farm laborers to its clients, which consists of farms and/or agricultural producers or growers. Specifically, TempLabor is a H-2A labor contractor who directly engages and employs non-immigrant, foreign seasonal laborers ("H-2A workers") and contracts with farms to provide temporary laborers for their labor needs.

7. With the exception of Aureliano Torres and Isabel Velasco (collectively, the "domestic workers"), the remaining Plaintiffs and all other persons similarly situated ("the H-2A Plaintiffs") are former employees of TempLabor who were employed by TempLabor during the course of the 2013-2014, 2014-2015, and/or 2015-2016 strawberry seasons. Specifically, the H-2A Plaintiffs were employed by TempLabor as H-2A workers, *i.e.*, temporary agricultural workers admitted to the United States pursuant to 8 U.S.C. §§1101(a)(15)(ii)(a) and 1188(a)(1).

# FACTS

## 2013-2014 Harvest Season

8. On October 14, 2013, Astin Farms entered into a written agreement with TempLabor ("Agreement A"). A copy of this written agreement is attached hereto as Exhibit 1.

9. Pursuant to the terms of Agreement A, Astin Farms contracted with TempLabor to provide H-2A workforce services, including the employment of qualified H-2A workers for the 2013-2014 strawberry season at Astin Farms. (Exhibit 1).

10. Pursuant to the terms of Agreement A, TempLabor specifically agreed to complete the necessary petition process in order to recruit and screen the H-2A workers, provide and coordinate the logistics for U.S. Consulate appointments for all qualified workers, transport the H-2A workers from Mexico to Florida, to train such H-2A workers, to employ such workers, and to properly reimburse such workers for certain employment-related expenses. (Exhibit 1, ¶1.1(a),(b),(c),(d)).

11. Moreover, pursuant to the terms of Agreement A, TempLabor agreed to provide daily transportation to the H-2A workers every work day and further agreed to provide housing to the H-2A workers throughout the entirety of the Agreement. (Exhibit 1, ¶1.1(I)(II)).

12. Pursuant to the terms of Agreement A, TempLabor was solely responsible for paying wages to the H-2A workers. (Exhibit 2, ¶1(f)). TempLabor completed all payroll services and remitted weekly wages to the H-2A workers whom it employed. (Exhibit 1, ¶1(f)).

13. Pursuant to the terms of Agreement A, Astin Farms and TempLabor (the "Parties"), expressly agreed that all of TempLabor's employees, agents, and/or subcontractors

would be viewed as independent contractors and that nothing in the Agreement would be deemed to constitute a partnership, joint venture or agency relationship. (Exhibit 1, ¶2.5).

14. At all times during the 2013-2014 harvest season, TempLabor was the sole employer of the Plaintiffs and the other H-2A workers it employed on the properties of Astin Farms.

## 2014-2015 Harvest Season

15. On July 31, 2014, Astin Farms entered into a written agreement with TempLabor ("Agreement B"). A copy of the written Agreement is attached hereto as Exhibit 2.

16. Pursuant to the terms of Agreement B, Astin Farms contracted with TempLabor to provide H-2A workforce services to Astin Farms for the 2014-2015 strawberry season at Astin Farms. (Exhibit 2).

17. Pursuant to the terms of Agreement B, TempLabor specifically agreed to complete the necessary petition process in order to recruit and screen the H-2A workers, provide and coordinate the logistics for U.S. Consulate appointments for all qualified workers, to transport the H-2A workers from Mexico to the U.S. border to Florida, to train such H-2A workers, to employ such workers, and to properly reimburse such workers for certain employment-related expenses. (Exhibit 2, ¶1.1 (a), (b), (c), (d)).

18. Moreover, pursuant to the terms of Agreement B, TempLabor agreed to provide daily transportation to the H-2A workers every work day. (Exhibit 2, ¶1.1(1).

19. Pursuant to the terms of Agreement B, TempLabor was solely responsible for paying wages to the H-2A workers. (Exhibit 2, ¶1(f)). TempLabor completed all payroll services and remitted weekly wages to the H-2A workers whom it employed. (Exhibit 2, ¶1(f)).

20. Pursuant to the terms of Agreement B, the Parties expressly agreed that all of TempLabor's employees, agents, and/or subcontractors would be viewed as independent contractors and that nothing in the agreement would be deemed to constitute a partnership, joint venture or agency relationship. (Exhibit 2, ¶2.5).

21. At all times during the 2014-2015 harvest season, TempLabor was the sole employer of one or more of the H-2A Plaintiffs and other H-2A workers it employed on the properties of Astin Farms.

## 2015-2016 Harvest Season

22. On May 6, 2015, Astin Farms entered into a written agreement with TempLabor ("Agreement C"). A copy of the written Agreement is attached hereto as Exhibit 3.

23. Pursuant to the terms of Agreement C, Astin Farms contracted with TempLabor to provide H-2A workforce services to Astin Farms for the 2015-2016 strawberry season at Astin Farms. (Exhibit 3).

24. Pursuant to the terms of Agreement C, TempLabor specifically agreed to complete the necessary petition process in order to recruit and screen the H-2A workers, provide and coordinate the logistics for U.S. Consulate appointments for all qualified workers, to transport the H-2A workers from Mexico to the U.S. border to Florida, to train such H-2A workers, to employ such workers, and to properly reimburse such workers for certain employment-related expenses. (Exhibit 3, ¶1.1 (a), (c), (d)).

25. Moreover, pursuant to the terms of Agreement C, TempLabor agreed to provide daily transportation to the H-2A workers every work day. (Exhibit 3, ¶1.1(1)).

26. Pursuant to the terms of Agreement C, TempLabor was solely responsible for paying wages to the H-2A workers. (Exhibit 3, ¶1(f), (g)). TempLabor completed all payroll services and remitted weekly wages to the H-2A workers whom it employed. (Exhibit 3, ¶1.1(f), (g)).

27. Pursuant to the terms of Agreement C, the Parties expressly agreed that all of TempLabor's employees, agents, and/or subcontractors would be viewed as independent contractors and that nothing in the agreement would be deemed to constitute a partnership, joint venture or agency relationship. (Exhibit 3, ¶2.5).

28. At all times during the 2015-2016 harvest season, TempLabor was the sole employer of one or more of the Plaintiffs and other H-2A workers it employed on the properties of Astin Farms.

## GENERAL FACTS

29. At all times pertinent to this action, the H-2A worker Plaintiffs were employed by and were the employees of TempLabor. In their Amended Complaint (Dkt. No. 38), the H-2A Plaintiffs aver that TempLabor was identified as the "employer" for the 2013-2014, the 2014-2015, and the 2015-2016 applications for temporary labor certification submitted by TempLabor to the United States Department of Labor through the H-2A program. (Dkt. No. 38, ¶ 22).

30. For the 2013-2014 strawberry season, one or more of the H-2A Plaintiffs were recruited by TempLabor, transported by TempLabor, housed by TempLabor, and at all times received their wages from and through TempLabor.

31. For the 2014-2015 strawberry season, one or more of the H-2A Plaintiffs were recruited by TempLabor, transported by TempLabor, and at all times received their wages from TempLabor.

32. For the 2015-2016 strawberry season, one or more of the H-2A Plaintiffs were recruited by TempLabor, transported by TempLabor, and at all times received their wages from TempLabor.

33. As the employer, TempLabor was solely responsible for ensuring that the H-2A Plaintiffs were properly paid all wages and/or reimbursed necessary expenses incurred through the course of their employment with TempLabor.

### COUNT I: CLAIM FOR INDEMNIFICATION PURSUANT TO THE PARTIES' AGREEMENTS

34. As set forth above, Astin Farms and TempLabor entered into three Agreements, Agreement A, Agreement B, and Agreement C (the "Agreements"), for farm labor services, for the 2013-2014, 2014-2015, and 2015-2016 strawberry seasons. The Agreements are attached to the Amended Complaint as Exhibit 1, Exhibit 2, and Exhibit 3.

35. Pursuant to the terms of Agreement A, Agreement B, and Agreement C the H-2A Plaintiffs were retained and employed by TempLabor for services to be rendered for Astin Farms for the 2013-2014 strawberry season, the 2014-2015 strawberry season, and the 2015-2016 strawberry season. (Exhibit 1, Exhibit 2, and Exhibit 3).

36. Under the Agreements, TempLabor represented that its employees, agents or subcontractors were independent contractors and were not employees of Astin Farms. (Exhibit 1, ¶2.5, Exhibit 2, ¶2.5, Exhibit 3, ¶2.5). Further, TempLabor represented that nothing in the

Case 8:15-cv-02438-SDM-TGW   Document 40   Filed 07/26/16   Page 10 of 13 PageID 322

Agreement would constitute a partnership, joint venture, and/or agency relationship between it and Astin Farms. (Exhibit 1, ¶2.5, Exhibit 2, ¶2.5, Exhibit 3, ¶2.5).

37. In their Amended Complaint in this action, the H-2A Plaintiffs erroneously allege that Astin Farms was their employer and claim one or more violations of the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay the H-2A Plaintiffs at least $7.25 for every compensable hour of labor performed in each workweek during which they were employed. (Dkt. No. 38, ¶ 57).

38. The H-2A Plaintiffs further allege in their Amended Complaint that the violations of the minimum wage provisions resulted from Astin Farm's alleged failure to reimburse the H-2A Plaintiffs during their first week of employment for expenses incurred primarily for the benefit of the Defendant, Astin Farms. (Dkt. No. 38, ¶ 58).

39. The H-2A Plaintiffs further allege that the terms and conditions of employment contained in the TempLabor, LLC clearance orders constituted employment contracts between Astin Farms and H-2A workers furnished through TempLabor and that Astin Farms breached these alleged employment contracts by providing terms and conditions of employment materially different from those in the clearance orders. (Dkt. No. 38, ¶¶ 60, 61, 62, *et seq.*)

40. The H-2A Plaintiffs also allege that Astin Farms violated the minimum wage provisions of the Florida Constitution. (Dkt. No. 38, ¶ 65).

41. The H-2A Plaintiffs' Amended Complaint (Dkt. No. 38), seeks a judgment in the form of monetary damages, including actual damages shown to be due for minimum wage compensation, with interest, liquidated damages, reasonable attorney's fees and costs, and other relief as the court deems just and equitable. (Dkt. No. 38, pgs. 34-36).

**ALLEN NORTON & BLUE, P.A.**
PROFESSIONAL ASSOCIATION

387199_1.docx

42. The allegations in the H-2A Plaintiffs' Amended Complaint, if proven, would constitute one or more breaches of Astin Farms' written agreements with TempLabor for the 2013-2014 (Agreement A), the 2014-2015 (Agreement B), and the 2015-2016 (Agreement C) strawberry seasons.

43. At all times relevant to their asserted claims, TempLabor was the employer of the H-2A Plaintiffs and solely responsible for the payment of wages to the H-2A Plaintiffs as well as to its other H-2A workers/employees.

44. To the extent the H-2A Plaintiffs claim that they were not properly paid minimum wage in violation of 29 U.S.C. §§ 201, *et seq.,* the Florida Constitution, the Florida Minimum Wage Act, were not properly reimbursed for employment-related expenses, and experienced a breach of their employment contracts with TempLabor, every one of those asserted violations would be a breach of the Agreements that Astin Farms had with TempLabor. Accordingly, if the H-2A Plaintiffs are able to establish such violations, every violation they assert is the sole responsibility of TempLabor not Astin Farms.

45. As a result of the H-2A Plaintiffs' Amended Complaint, Astin Farms has been required to retain counsel to represent its interests and to defend it against Plaintiffs' action, including the preparation and prosecution of the Second Amended Third Party Complaint. Astin Farms has incurred, and will continue to incur, attorneys' fees and costs, and may incur liability for Plaintiffs' asserted claims.

46. Based upon the foregoing, TempLabor is or may become liable to Astin Farms for all or part of what the H-2A Plaintiffs seek to recover from Astin Farms and for the losses incurred by Astin Farms in defending against Plaintiffs' Amended Complaint.

WHEREFORE, if the H-2A worker Plaintiffs' are able to prevail on any or all of their asserted claims, as set forth in their Amended Complaint (Dkt. No. 38), TempLabor is totally liable for any and all such violations and related damages. Consequentially, Astin Farms requests that should the H-2A Plaintiffs succeed in establishing liability against Astin Farms, that Astin Farms should be entitled to judgment against TempLabor, and any other loss, including but not limited to attorneys' fees and costs, incurred by Astin Farms as of having to defend Plaintiffs' Amended Complaint.

Dated this 26th day of July, 2016.                             Respectfully submitted,

/s/ *Nicolette L. Bidarian*
DAVID J. STEFANY
Florida Bar No. 0438995
NICOLETTE L. BIDARIAN
Florida Bar No. 83795
*Counsel for Defendant*

**ALLEN NORTON & BLUE, P.A.**
Hyde Park Plaza - Suite 225
324 South Hyde Park Avenue
Tampa, Florida 33606-4127
(813) 251-1210 | (813) 253-2006 – Fax
E-mail:  dstefany@anblaw.com
              nbidarian@anblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Gregory S. Schell, Esquire Florida Legal Services, Inc., Migrant Farmworkers Justice Project, Post Office Box 32159, Palm Beach Gardens, Florida   33420

(greg@floridalegal.org) and to counsel for the Third Party Defendant TempLabor, LLC, Steve Wenzel, Wenzel Fenton & Cabassa, P.A. at 1110 North Florida Ave., Suite 300, Tampa, FL, 33602 (swenzel@wfclaw.com).

*/s/ Nicolette L. Bidarian*
ATTORNEY