UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CONRADO RUIZ-GOMEZ<br>JOSE DEL CARMEN CASTELLANO,<br>RIGOBERTO CASTILLEJOS-TRUJILLO,<br>MANUEL DeJESUS CLEMENTE-ANGEL,<br>MANUEL DIAZ-DIAZ,<br>AGUSTIN DIAZ-HERNANDEZ,<br>MARCELINO DIAZ-LOPEZ,<br>ANTONIO GOMEZ-PEREZ,<br>MANUEL GOMEZ-SANCHEZ,<br>MIGUEL GONZALEZ-HERNANDEZ,<br>MARCOS GUZMAN-LOPEZ,<br>ALEJANDRO GUZMAN-LOPEZ,<br>SILVERIO HERNANDEZ-GONZALEZ,<br>FIDEL HERNANDEZ-JIMENEZ,<br>ESAU JIMENEZ-RUIZ,<br>JOSE ALFREDO JIMENEZ-RUIZ,<br>JOSE ISABEL LOPEZ-CRUZ,<br>JULIO CESAR LOPEZ-CRUZ,<br>PEDRO LOPEZ-DIAZ,<br>ARMANDO LOPEZ-MORALES,<br>ANDRES LOPEZ-NUNEZ,<br>ISMAEL LOPEZ-PEREZ,<br>JOSUE DeJESUS MATIAS-TOLEDO,<br>GABRIEL MEDINA-DUQUE,<br>JOSE MELENDEZ-HERNANDEZ,<br>FELIZ NUNEZ-NUNEZ,<br>PABLO PEREZ-LOPEZ<br>WALTER PASTOR PEREZ-MAGARINO,<br>APOLINAR PEREZ-RUIZ,<br>JACOB RASGADO-ALTAMIRANO,<br>WILLIAM MAURICIO RASGADO-<br>CASTELLANOS,<br>ANGEL RASGADO-SIBAJA,<br>GENARO RUIZ-ANGEL,<br>FREDI RUIZ-GOMEZ,<br>ROBERTO RUIZ-PEREZ,<br>VICENTE RUIZ-VELASCO,<br>PASCUALITO SOL SOLIS,<br>AURELIANO TORRES,<br>PASCUAL TRUJILLO-VELEZ<br>ISABEL VELASCO and<br>ROBERTO  CARLOS VELES-HERNANDEZ | CLASS ACTION<br><br>CASE No: 8:15-CV-02438-SDM-TGW |

**on behalf of themselves
and all other persons similarly situated**

    **Plaintiffs,**

**v.**

**ASTIN FARMS, INC., and ASTIN HARVESTING, INC.**

    **Defendants.**
_____/

**ASTIN FARMS, INC.**

    **Third Party Plaintiff,**

**v.**

**TEMP.LABOR, LLC**

    **Third Party Defendant**
_____/

## ANSWER TO SECOND AMENDED THIRD PARTY COMPLAINT FOR INDEMNIFICATION

Third Party Defendant TEMP.LABOR, LLC. ("Defendant") through its undersigned counsel, answers the Second Amended Third Party Complaint for Indemnification filed by ASTIN FARMS, INC. ("Astin Farms") paragraph by paragraph, as follows:

1. It is admitted that the Court has jurisdiction over this cause but it is expressly denied that Temp.Labor, LLC ("Temp Labor") is liable to either Plaintiffs or Defendant/Third Party Plaintiff Astin Farms, Inc. ("Astin") or Astin Harvesting, Inc. or Astin Ranch.

    2. Admitted.

    3. Admitted.

    4. Admitted.

    5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. The contract speaks for itself.

10. The contract speaks for itself.

11. The contract speaks for itself.

12. Admitted.

13. The contract speaks for itself.

14. Admitted.

15. Admitted.

16. The contract speaks for itself.

17. The contract speaks for itself.

18. The contract speaks for itself.

19. Admitted.

20. Admitted.

21. Admitted

22. Admitted.

23. Admitted.

24. The contract speaks for itself.

25. The contract speaks for itself.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. It is admitted that the plaintiffs so erroneously plead.

38. It is admitted that the plaintiffs so erroneously plead.

39. It is admitted that the plaintiffs so erroneously plead.

40. It is admitted that the plaintiffs so erroneously plead.

41. It is admitted that the plaintiffs so erroneously plead.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

46. Denied.

### FIRST AFFIRMATIVE DEFENSE

Astin's Third-Party complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Temp Labor's liability, if any, is limited in accordance with the parties' agreements which are attached to the complaint.

### THIRD AFFIRMATIVE DEFENSE

Temp Labor adopts and incorporates the defenses pled by Astin.

## FOURTH AFFIRMATIVE DEFENSE

Neither Astin nor Temp Labor is liable to the H-2A Plaintiffs because all of the alleged underpayments were the subject of the Department of Labor audit of Temp Labor's H-2A worker practices and Temp Labor has fully complied with the Department of Labor audit findings, including the remittance of payments alleged to be due to Plaintiffs. It would be inequitable for Temp Labor to have to pay twice.

## FIFTH AFFIRMATIVE DEFENSE

Astin's claim for attorneys fees is barred because there is no right under Florida common law to recover attorneys fees and there is not a contractual provision requiring the payment of attorneys fees.

## SIX AFFIRMATIVE DEFENSE

Astin's claims for indemnity fails because it did not satisfy the conditions precedent required to make such a claim.

**WHEREFORE** having fully answered the Amended Third Party Complaint and asserted its affirmative defenses, Third Party Defendant Temp.Labor, LLC demands that the same be dismissed and that judgment be entered in its favor, together with its costs and attorney fees.

# [intentionally left blank]

## JURY TRIAL DEMAND

Defendant TEMP.LABOR, LLC hereby demands a trial by jury on all issues so triable.

Dated this 10th day of August, 2016.

          Respectfully submitted,

          */ s / Steven G. Wenzel*
          **STEVEN G. WENZEL**
          Florida Bar No. 159055
          **WENZEL FENTON CABASSA, P.A.**
          1110 North Florida Ave., Suite 300
          Tampa, Florida 33602
          Direct: 813-223-6545
          Main: 813-224-0431
          Facsimile: 813-229-8712
          E-Mail: swenzel@wfclaw.com
          E-Mail: mcambronero@wfclaw.com
          **ATTORNEYS FOR TEMP.LABOR, LLC**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 10th day of August, 2016, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

| | |
|---|---|
| Nicolette L. Bidarian | Gregory S. Schell |
| David J. Stefany | Florida Legal Services, Inc. |
| Allen Norton & Blue, P.A. | Migrant Farmworkers Justice Project |
| Hyde Park Plaza - Suite 225 | |
| 324 South Hyde Park Avenue | 508 Lucerne Avenue |
| Tampa, Florida 33606 | Post Office Box 32159 |
| Email: dstefany@anblaw.com | Palm Beach Gardens, Florida 33420 |
| Email: nbidarian@anblaw.com | Email: greg@floridalegal.org |

          */ s / Steven G. Wenzel*
          **STEVEN G. WENZEL**